PLAINS CHEVROLET, INC., Appellant,

v.

William J. THORNE, et al., Appellees.

No. 10–83–025–CV.

Court of Appeals of Texas,
Waco.

Aug. 4, 1983.
Rehearing Denied Sept. 1, 1983.

Frederic M. Wolfram and Walter Wolfram, The Wolfram Firm, Amarillo, for appellant.

Stanley C. Thorne, Bryan, for appellees.

### OPINION

THOMAS, Justice.

In June, 1973, Appellee-William Thorne bought a Chevrolet Corvette from Appellant-Plains Chevrolet. The car was manufactured by General Motors Corporation and supposedly contained a "L–82" high-performance engine. The car experienced engine trouble and Appellee-Stanley Thorne took the car to Plains Chevrolet to be repaired in November, 1973. The engine was repaired and, according to Appellees, Plains

Chevrolet represented to them that the defective L–82 engine had been replaced with a new "L–82 short-block assembly". Appellees allege they first discovered on August 7, 1980, that the engine in the Corvette was not, in fact, a L–82 engine but a base-model Corvette motor.

Appellees filed suit on August 5, 1982, against Plains Chevrolet and General Motors, alleging violation of the Deceptive Trade Practices Act. In the alternative, Appellees sued General Motors for breach of express warranties. General Motors answered the suit but Plains Chevrolet failed to answer. On November 19, 1982, Appellees took an interlocutory default judgment against Plains Chevrolet but did not dispose of the cause against General Motors. Plains Chevrolet filed a motion for new trial which was denied on December 10th, and on December 16th, Plains Chevrolet deposited cash in lieu of an appeal bond to appeal the trial court's interlocutory decision. Later, on January 14, 1983, Appellees non-suited General Motors, and the trial court entered a final judgment against Plains Chevrolet which incorporated by reference the interlocutory judgment that had been entered against Plains Chevrolet on November 19, 1982. Appellees have filed a motion to dismiss the appeal because of want of jurisdiction, citing the provisions of Rule 306c [1]. Because of the recent opinion of our Supreme Court in *Yoast v. Yoast,* 649 S.W.2d 289 (Tex.1983), we are overruling Appellees' motion.

Appellant raises three points of error. It's first point contends the trial court erred in granting the default judgment when the record did not affirmatively show that the procedural rules dealing with service and return of citation had been complied with strictly. We sustain Appellant's first point and reverse the judgment. The cause is remanded for new trial.

The essence of the first point is that the citation was not directed to Appellant as required by Rule 101. As originally prepar-

---

**1.** All references to rules in this opinion are references to the Texas Rules of Civil Proce-    dure.

ed and issued by the clerk, the citation was officially directed to General Motors Corporation. Appellees admit in their brief that, after the serving officer received the citation, the officer handwrote the name "Plains Chevrolet" immediately above the typed name of General Motors Corporation in that portion of the citation which had been used by the clerk to designate the party to whom the citation was officially directed. The officer then proceeded to serve the citation, noting on the return the following: *". . . by delivering to the within named Plains Chevrolet Company by delivering copy of citation and petition to Mr. Bill Gilliland, the President . . ."* (The portion underlined is the pertinent portion of the return completed in the officer's handwriting). Appellees contend, because of the officer's interlineation, the citation was directed to Appellant in accordance with the requirements of Rule 101 when it was served.

The rules of procedure delineate the responsibilities and authority of officers of the court in issuing, serving, and returning legal process. Rule 99 requires the clerk to issue citations, while Rule 101 sets forth the requisities of the citation, one of which is that the citation "shall be directed to the defendant". Rule 103 defines who may serve legal process, and Rule 106 authorizes the manner of service. Rule 118 grants the court discretionary authority to allow any process or proof of service to be amended upon such notice and on such terms as the court deems just.

■ In our view, the rules of procedure clearly define and separate the duties and authority of the clerk, the serving officer, and the court in issuing, serving, returning, and amending citations, none of which authority overlaps. Appellees have not cited any legal basis or precedent which authorizes the serving officer to amend the citation after it has been prepared and issued by the clerk. The authority to amend process rests solely within the trial court's sound discretion. We hold that, once the citation in question was issued by the clerk, the serving officer could not amend the instrument by interlining Appellant's name in a manner so as to legally direct citation to Appellant.

■ When a default judgment is attacked by direct appeal, every step of the proceeding, from process to final judgment, is open to examination, and no presumption of proper service will arise from recitations in a default judgment. A citation must, therefore, appear among the papers and the record must affirmatively show a strict compliance with all the necessary requisites for issuance, service, and return of process. *Investors Diversified Services, Inc. v. Bruner,* 366 S.W.2d 810 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.); *Ponca Wholesale Mercantile Company v. Alley,* 378 S.W.2d 129 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). Texas courts have traditionally followed the doctrine that virtually any deviation from the statutory requisites of a citation will destroy a default judgment on direct appeal, mitigated only by the amendment power conferred by Rule 118. 4 R. McDonald, Tex.Civ.Prac. § 17.23.2 (1971). It is uncontroverted that Appellees did not attempt to have the citation amended by the trial court, either before or after its service, so as to have the citation legally directed to Plains Chevrolet as required by Rule 101. The record does not affirmatively show that the citation served on Appellant was in strict compliance with the applicable rules. Thus, the defective citation destroys the default judgment and entitles Appellant to a new trial without the necessity of meeting the test in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). *City of Fort Worth v. Gause,* 129 Tex. 25, 101 S.W.2d 221, (1937).

We do not reach Appellant's second and third points of error as reversal is required by our sustaining the first point.