**ISO PRODUCTION MANAGEMENT 1982, LTD., Appellant,**

v.

**M & L OIL AND GAS EXPLORATION, INC., et al., Appellees.**

No. 10–87–224–CV.

Court of Appeals of Texas, Waco.

Feb. 23, 1989.

David W. Showalter and Pamela Prince Stines, David W. Showalter, P.C., Bellaire, for appellant.

Keith A. Elolf, San Antonio, for appellees.

## OPINION

THOMAS, Chief Justice.

ISO Production Management 1982, LTD. (ISO LTD.), a limited partnership, appeals by a writ of error from a default judgment in favor of M & L Oil and Gas Exploration, Inc. and Mt. Calm Oil Development, Inc., plaintiffs. The judgment is void and will be reversed because the citation was not "directed to the defendant" as required by Rule 101. *See* Tex.R.Civ.P. 101.[1]

M & L Oil and Mt. Calm Oil sued ISO LTD. in its assumed name. The petition directed service of the citation as follows:

> Defendant, ISO Production Management 1982 Ltd. is a Texas Limited Partnership, whose general partner is ISO Production Management, Inc., a Texas corporation, that may be served with process by serving its President, Parma G. Newman at his place of business by certified mail pursuant to Rule 103 of the Texas Rules of Civil Procedure at P.O. Box 134, Mt. Calm, Texas 76643, or at

the physical location of that business, ISO Production Management at Highway 31, Mt. Calm, Texas 76643.

The clerk directed the citation:

> "To *PARMA G. NEWMAN*
> at POB—ISO Production Management, Highway 31
> Mt. Calm, Hill County, Texas 76643
> *Defendant,* in the hereinafter styled and numbered cause ... M & L Oil & Gas Exploration, Inc. & Mt. Calm Oil Development, Inc., Plaintiff[s], vs. ISO Production Management 1982 LTD, Defendant."

(Emphasis added). The return on the citation shows that it was served on Parma G. Newman.

A default judgment was entered against ISO LTD. for $51,671.58, plus interest and attorney's fees, when no answer was filed. Evidence at the default judgment hearing indicated Newman could have been a general partner of ISO LTD.

 The parties confuse two separate and distinct issues in their briefs: whether the citation was properly *directed* and whether it was properly *served* on a partner. Rule 101 required the citation to be "directed to the defendant." *See id.* Failure to comply with this mandatory requirement results in a void citation, ineffective service, and a void default judgment. *See Stafford Const. Co., Inc. v. Martin,* 531 S.W.2d 667, 668–70 (Tex.Civ.App.–El Paso 1975, no writ); *Lemothe v. Cimbalista,* 236 S.W.2d 681, 682 (Tex.Civ.App.–San Antonio 1951, writ ref'd).

 For most purposes a partnership is a legal entity separate from its partners. *Haney v. Fenley, Bate, Deaton and Porter,* 618 S.W.2d 541, 542 (Tex.1981). Rule 28 allows a partnership to be sued in its assumed name without the partners being joined as defendants. *See* Tex.R.Civ.P. 28; *Dillard v. Smith,* 146 Tex. 227, 205 S.W.2d 366, 368 (1947). Thus, ISO LTD. was properly sued in its partnership name under Rule 28.

---

1. Rule 101, whose substance is now found in Rule 99, was repealed on January 1, 1988. The citation was issued on July 1, 1987. Its sufficiency will be determined under Rule 101 be-

cause that was the law in effect on the date of its issuance. *See Watts v. City of El Paso,* 183 S.W.2d 249, 252 (Civ.App.1944, writ ref'd w.o. m.).

356

The question is whether Rule 101 required the citation to be directed to ISO LTD. Logically, if ISO LTD. could be sued in its assumed name, then it had to be cited in its assumed name under the facts presented. Citation was not directed to ISO LTD., the sole defendant, but to Parma G. Newman. Consequently, the default judgment was void because the citation did not comply with Rule 101. *See Stafford Const. Co., Inc.,* 531 S.W.2d at 668–70.

Serving one partner authorizes a judgment against the partnership and the partner served. Tex.Civ.Prac. & Rem. Code Ann. § 17.022 (Vernon 1986). This rule presupposes that the citation served on the partner is otherwise valid. A citation could be properly served on a partner under section 17.022, but still could be void under Rule 101. Assuming Newman was a general partner, serving him as an agent of ISO LTD. did not authorize the citation to be directed to him. *See Stafford Const. Co., Inc.,* 531 S.W.2d at 668–70. Point one is sustained, the default judgment is reversed, and the cause is remanded for a new trial.