ROUSH FARMS AND TEJAS FARMS V. PANTEX

NO. 07-00-0178-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 6, 2000

______________________________

DALE ROUSH FARMS OF TEXAS, AND TEJAS FARMS LTD, APPELLANTS

V.

PANTEX SALES, INC., D/B/A GRAPHIC EQUIPMENT AND SUPPLY, APPELLEE

_________________________________

FROM THE 69
TH
 DISTRICT COURT OF SHERMAN COUNTY;

NO. 4318; HONORABLE RON ENNS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this appeal, appellants Dale Roush Farms of Texas (Roush Farms) and Tejas Farms challenge a default judgment in favor of appellee Pantex Sales, Inc. d/b/a Graphic Equipment and Supply (Pantex Sales), for breach of contract, conversion, an accounting,  injunctive relief and declaratory relief.  Because the second of appellants’ three issues presents reversible error, we reverse and remand.

To explain the relationship between the parties, it is necessary to review the factual background giving rise to the underlying suit.  Tejas Farms is a Texas limited partnership consisting of Jon Hart, Jeff Hart and Joel Hart.  Roush Farms was formed in 1997 as a general partnership consisting of Dale Roush, Jon Hart, Jeff Hart and Joel Hart.  Pantex Sales is a corporation owned by Don Grimm. In 1998, Pantex Sales made a payment of $201,006.17 to Tejas Farms, assertedly as a loan.  However, no promissory note was ever executed in connection with the transaction.  Also in 1998, Pantex Sales purchased four sections of land and a portion of a fifth section in Sherman County.  Those sections are referred to as sections 3, 5, 175, 408, and part of section 407.  Some time in the same year, Pantex Sales orally leased this property to Roush Farms.  Under this lease agreement, Roush Farms was to pay Pantex Sales 20 percent of the crops grown on the land as rental.  The agreement was reduced to writing in January 1999.

On September 13, 1999, by letter, Jeff Hart notified Dale Roush that because of an alleged transfer of funds from the partnership account to his personal account, pursuant to the partnership agreement, Roush’s interest in their partnership had been terminated.  The following month, Pantex Sales brought suit against Roush Farms and Tejas Farms.  In the suit, Pantex alleged breach of contract for failing to properly farm the land, conversion of Pantex Sales’ portion of the 1998 crop, sought an accounting, a declaration that the lease had terminated and Roush Farms had committed fraud, and finally, an injunction directing Roush Farms to vacate the property.  As regarding Tejas Farms, Pantex Sales sought recovery of the 1998 loan, principal and interest.

On October 25, 1999, process was served on Dale Roush for Roush Farms.  After failed attempts to serve Tejas Farms by delivery of citation to Joel Hart, Pantex Sales sought and obtained permission under Rule 106 of the Rules of Civil Procedure
(footnote: 1) for alternative service by delivery to any employee of Tejas Farms.  A new citation was issued directing delivery to “[a]ny employee of Tejas Farms Ltd. at the offices of Tejas Farms Ltd.”  That citation and a copy of the plaintiffs’ petition was delivered to Sherri Partain on November 4, 1999.  However, Partain returned the citation and the petition to the clerk the following day with a handwritten letter denying she was an employee of Tejas Farms.  Neither defendant filed an answer and the case was set for trial on January 5, 2000. 

At trial, Dale Roush averred that when process was served upon him, he informed the other members of the Roush Farms partnership, and delivered copies to the partnership office and to Van Northern,  an attorney who had represented the partnership on other matters.  In his opinion, the Roush Farms’ failure to file an answer was intentional.  He also testified that he was familiar with Tejas Farms and Sherri Partain was an employee of both Tejas and Roush Farms.

Don Grimm, the president and sole shareholder of Pantex Sales, testified that the $201,006.17 payment to Tejas Farms in 1998 was a loan for “a 12 to 18 month period” and it had not been repaid.  He further testified in support of each of Pantex Sales’ other causes of action.  He said that Roush Farms was no longer farming the land now being farmed by Horizon Farms, a partnership composed of Jon Hart, Joel Hart, and Jeff Hart.

During the trial, Jeff Hart appeared, identified himself as a partner in Roush Farms,
(footnote: 2) and sought to present testimony controverting that of Roush and Don Grimm.  However, because no answer had been previously filed, the trial court did not permit him to do so.  Jeff Hart denied that the Roush Farms Partnership had been served with process and sought a continuance.  The trial court denied a continuance, again because no answer had been filed.

At the completion of the hearing, the trial court rendered judgment for Pantex Sales. As against Roush Farms, it awarded $105,291.20 for breach of contract damages, $15,000 damages for conversion, $20,000 for an accounting, and possession of certain personal property.  It also terminated the lease, issued a permanent mandatory injunction evicting Roush Farms from the property, and awarded $10,500 in attorney fees.  On the same day as the hearing, Jeff Hart filed a handwritten general denial.

On February 8, 2000, appellants filed a motion for new trial challenging the validity of the process service and asserting they met the requirements explicated in 
Craddock v. Sunshine Bus Lines, Inc.
, 134 Tex. 388, 133 S.W.2d 124 (1939), for a new trial.  In support of that motion, appellants attached excerpts of the January 5, 2000 hearing, Jeff Hart’s handwritten answer, a November 9, 1999 letter from Pantex Sales’ attorney agreeing that Pantex Sales “will not pursue its temporary injunction against Dale Roush Farms at this time,” and an affidavit from Sherri Partain stating she had never been an employee of Tejas Farms.  Inasmuch as the record does not show an express ruling by the trial court on this motion, we will presume it was overruled by operation of law.

 In appellants’ three issues, they ask for a decision whether they are entitled to a new trial 1) when they sought to participate in the trial and were denied that opportunity, as well as denied a continuance; 2) whether the citations themselves and/or their service and return were defective and appellants had no proper notice of the trial; and 3) whether their motion seeking a new trial satisfied the three elements explicated in 
Craddock
.  Because we find it is dispositive of this appeal, we will proceed directly to discuss appellants’ second issue concerning the issuance and service of process.

Unlike a conventional trial, in a default judgment context, there are no presumptions in favor of a valid issuance or service of citation.  
Barker CATV Const., Inc. v. Ampro, Inc.
, 989 S.W.2d 789, 792 (Tex.App.--Houston [1
st
 Dist.] 1999, no pet.).  It is the rule in Texas that a default judgment cannot withstand direct attack by a defendant who shows that he or she was not served in strict compliance with the Rules of Civil Procedure.  
Wilson v. Dunn
, 800 S.W.2d 833, 836 (Tex. 1990).  This is true even if the defendant has actual knowledge of the suit.  
Id.

In this appeal, appellants present a list of challenges to each of the citation issues in this case, including those never served.  However, we find no authority supporting their proposition that a defect in an unserved citation renders subsequent service of a proper citation invalid and we refuse to make such a holding.

Of the challenges made to the citations actually served, we first consider the contention that each of these citations failed to state the address of the court in which the suit was filed.  Rule 99(b)(3) actually requires that the citation show the “name and location of the court.”  Both citations in question here recite that the suit was filed in the 69
th
 District Court of Sherman County and that it was located at the courthouse in Stratford.  Examination of the rules reveals that in instances in which it is required that the citation state a street address, that requirement is clearly stated. 
See
 Rule 99(b)(1) (requiring citations to “contain the address of the clerk”).  The description of the location of the court set out in the citations is sufficient to satisfy the Rule 99(b)(3) requirement.

In particular, Tejas Farms contends the citation served upon it is defective because it was directed “to any employee of Tejas Farms Ltd” rather than to Tejas Farms Ltd. by serving its registered agent Joel Hart or a specific named employee.  In support, it cites 
Verlander Enterprises v. Graham
, 932 S.W.2d 259, 262 (Tex.App.--El Paso 1996, no writ).  However, in relevant part, 
Verlander
 actually concerned the sufficiency of a return which merely stated that the citation was served on a specific person rather than upon that person as an agent of the corporate defendant.  
Id.
  We do not find that case persuasive under the record before us. 

The question we are now required to answer is whether, after the trial court authorized substituted service upon any employee of  the defendant, the citation must still be directed to the legal entity sued, even though it may be served upon any employee of that entity, or whether the citation may simply be directed to any employee of the defendant entity.  The discussion in 
ISO Production Management 1982, Ltd. v. M & L Oil & Gas Exploration, Inc.
, 768 S.W.2d 354 (Tex.App.--Waco 1989, no writ), is helpful in arriving at our decision of this question.  In that case, the court determined that notwithstanding the fact that he was a proper agent for service, citation merely directed to a general partner did not meet the requirement of former Rule 101
(footnote: 3) that citation be “directed to the defendant,” and was, therefore, void.  
Id. 
at 355.  
See also
 
Barker
, 989 S.W.2d at 792; 
Mantis v. Resz
, 5 S.W.3d 388, 390 (Tex.App.--Fort Worth 1999, pet. denied).  In line with these authorities, because the Tejas Farm citation was not directed specifically to it as required by Rule 99(b)(8), the citation was fatally defective and was insufficient to vest the trial court with jurisdiction over Tejas Farms.  
ISO Production, supra. 
 Having made that decision, we must next determine whether Jeff Hart’s attempt to participate in the proceeding constituted a waiver of service of citation.

Under Rule 120, a defendant may “in person, or by an attorney, or by his duly authorized agent, enter an appearance in open court.”  The rule further provides that “such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.” 
Id
.

Because a partnership is not a corporeal being, it is obviously incapable of appearing in court directly and can only appear through an agent.  Pantex Sales argues the trial court acted properly in denying Jeff Hart’s request to participate in the trial because, by its nature, a partnership may only appear through an attorney.  In support of that theory, Pantex Sales cites Rule 7 and  
Southwest Express Co. v. I.C.C.
, 670 F.2d 53 (5
th
 Cir. 1982).  Rule 7 actually states that a party may appear and defend his rights “either in person or by an attorney.”  The rule clearly does not support the proposition for which it is cited by Pantex Sales.  Although 
Southwest Express 
involved a corporation rather than a partnership, it cited 
Turner v. American Bar Ass’n
, 407 F. Supp. 451 (1975), which recognized the prevailing construction of 28 U.S.C. § 1654 that, under that statute, partnerships may not be represented by persons who are not attorneys.  
Id
. at 476. However,  that decision and rationale are not binding upon the question before us, which must be determined by Texas state procedure.  We have not been cited to, nor have we found, any Texas court expressly addressing the question of whether a general partner may represent the partnership in a legal proceeding.  Even so, Rule 120 expressly permits an appearance by an attorney or any “authorized agent.”  Considering the language of the rule, it is apparent that the agent need not be an attorney.  

Under the record before us, there are two reasons why Jeff Hart’s appearance did not waive service of citation on Tejas Farms.  First, in addressing the trial court, Hart represented himself to be a member of the Roush Farms partnership and made no reference or representation as to the Tejas Farms partnership.  Second, the trial court did not note the appearance on the docket or in the minutes as required by the rule.  Without service or waiver of process, the trial court did not acquire personal jurisdiction over Tejas Farms and could not render judgment against it.  
See 
Tex. R. Civ. P. 124.

With regard to Roush Farms, its first challenge to the citation served upon it is one of misnomer.  In considering a challenge of that type in 
Ensearch Corp. v. Parker
, 794 S.W.2d 2 (Tex. 1990), our supreme court recognized a distinction between misnomer and misidentification.  
Id.
 at 4-5.  A misnomer occurs when a plaintiff merely misnames the correct defendant.  
Id
.
  
If, however, there is actually an entity with the same name as the erroneously named defendant, it is a misidentification, and the citation is not effective as to the correct defendant because the plaintiff has sued the wrong party.  
Id
.

The citation in question was issued to “Dale Roush Farms Pa[r]tnership” (“DRFP”) rather than its proper name, Dale Roush Farms of Texas, the name that appears in the petition and in the parties listed in the petition.  In asserting that this error renders the citation fatally defective, Roush Farms relies upon Rule 99(b) and 
Faggett v. Hargrove
, 921 S.W.2d 274 (Tex.App.--Houston [1
st
 Dist.] 1995, no writ).  As we have noted above, Rule 99(b)(8) requires that a citation be directed to the defendant.  In 
Faggett
, the court held that the citation considered in that case was defective because it was directed to a sheriff or constable as well as to the defendant.  
Id
. at 276-77.  Thus, it did not involve the misnomer or misidentification of a party.  Moreover, that holding was overruled by the same court in 
Barker
, 989 S.W.2d at 92-93.

Mantis
 considered the validity of a citation in which the name of the defendant was misspelled.  The court noted the distinction between misnomer and misidentification pointed out by 
Ensearch Corp.
 as well as the rule that when an intended defendant is sued under an incorrect name, jurisdiction is proper after service upon the misnamed defendant if it is clear that no one was misled or placed at a disadvantage by the error.  
Mantis, 
5 S.W.3d at 391.  Roush Farms makes no allegation that there is a separate entity by the name of Dale Roush Farms Partnership
 
or that it was misled by the discrepancy between that name and its true name as shown elsewhere on the citation.  We agree with the 
Mantis
 holding and hold that the misnomer did not render the citation fatally defective.

Roush Farms next contends that the citation was not received by a sheriff, there was no return on the citation, and that it was altered. However, the citation that appears in the record contains a notation that it was received by Sherman County Sheriff Jack Haile on October 25, 1999.  The return was signed by Sheriff Haile stating that it was served on Dale Roush the same day.  The only alteration shown on it is the one by which the name of the Randall County Sheriff and the date it was received by him are lined out because the citation was forwarded to the Sherman County Sheriff by whom it was served.  In support of its contention that the citation was impermissibly altered, Roush Farms cites 
Plains Chevrolet v. Thorne
, 656 S.W.2d 631, 633 (Tex.App.--Waco 1983, no writ).  In that case, the sheriff had handwritten the name of another defendant above the name of the defendant to whom the citation had been addressed and had shown service to the defendant whose name he had written in.  The appellate court held the service invalid because the sheriff had no authority to make such a material alteration.  
Id.
  However, in this case, unlike the sheriff’s action in 
Plains
, the officer serving the citation did not alter the substantive provisions inserted by the district clerk, but merely insured that his return accurately reflected who served the citation, when, and where.

Roush Farms also asserts that there was a material alteration of the person to whom the citation was addressed.  In doing so, it claims the citation was addressed by the clerk to “Dale Roush Farms (“DRFP”), Joel Hart-general partner” but that the citation was altered to read “Dale Roush Farms Partnership (“DRFP), Joel Hart-or any partner.”  The only evidence it refers to in making that contention is the citation itself.  However, unlike the facts in 
Plains Chevrolet
, in which the officer hand wrote another name over that typed by the clerk, the text it argues was altered was typewritten.  Except for the misspelling of the word partnership, the citation mirrors the original petition naming as a defendant “Dale Roush Farms Partnership” and states that it can be served by delivery of citation to “any of its general partners named above.”  There is nothing in this record to show, first, that any alteration was made (other than the misalignment of some characters), and second, if an alteration was made, that it was not done by the clerk.

Roush next challenges the adequacy of the return stating service was on “Dale Roush” without any showing as to his capacity.  In 
Verlander Enterprises
, the court considered the efficacy of a return showing service of citation on Jim Gore addressed to Verlander Enterprises, Inc. “[b]y and through its vice-president, Mr. Jim Gore.”  In its opinion, the court noted that the mere recitation of the individual served, without more, “does not establish that the person served is in fact the defendant’s agent for service of process, nor does it establish that the defendant, Verlander, was served.”  The court found the return was inadequate to show the required strict compliance in default cases with the Rules of Civil Procedure.  
Verlander, 
932 S.W.2d at 261.  
See also
 
Price v. Dean
, 990 S.W.2d 453, 454 (Tex.App.--Corpus Christi 1999, no pet.); 
Barker
, 989 S.W.2d at 793; 
Bavarian Autohaus, Inc. v. Holland,
 570 S.W.2d 110, 113 (Tex.Civ.App.--Houston [1
st
 Dist.] 1978, no writ).  The return here, which merely shows service upon “Dale Roush” when the defendant was the Roush Farms Partnership, exhibits the same defect discussed in 
Verlander Enterprises
.

It is true that parties to a lawsuit must depend upon sheriffs and constables to complete the return of service, which lead to the type of errors seen here.  For this reason, Rule 118 authorizes courts to permit amendments to returns to correct these technical defects. 
See Primate Const., Inc. v. Silver
, 884 S.W.2d 151, 153 (Tex. 1994)
.  
However, in this case, Pantex Sales did not seek such an amendment.  Consequently, we are compelled to hold that the failure to show that the service upon Roush Farms was through its partner, Dale Roush, is a failure to meet the very strict rules regarding service sufficient to support a default judgment.

At oral argument, Pantex Sales urged service of citation was waived because Dale Roush had given witness testimony.  Parenthetically, we note it advances this argument at the same time it maintains that Jeff Hart, another partner in Roush Farms, could not appear on behalf of the partnership but only through an attorney.  Even so, in 
Warner v. Colwell
, 909 S.W.2d 866 (Tex. 1995), our supreme court expressly declined to hold that a person’s participation as a witness was an appearance subjecting them to the jurisdiction of the court.  
Id
. at 870.  That being so, Roush’s witness testimony was not sufficient to waive the necessity for proper service of citation in order for the trial court to obtain jurisdiction.  We hold that the service of citation upon Roush Farms was not sufficient to meet the strict standards necessary to support a default judgment.

For the reasons stated, we must sustain appellants’ second point.  The judgment of the trial court is reversed and the cause remanded to the trial court.   

John T. Boyd

 Chief Justice

Do not publish.     

  

FOOTNOTES
1:
Later references to rule numbers will be to those rules of the Texas Rules of Civil Procedure unless otherwise identified.

2:
He did not seek to testify on behalf of Tejas Farms.

3:
The rule which, at that time, stated the requisite citation requirements.