

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-08-00306-CV

**DONNA ROBINSON,**

**Appellant**

 **v.**

**ELLIOTT ELECTRIC SUPPLY,**

**Appellee**

_____

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C2007-00718

_____

## MEMORANDUM OPINION

_____

Donna Robinson was sued by Elliott Electric Supply regarding a guaranty agreement signed by Robinson. Robinson did not file an answer to the suit and Elliott Electric was awarded a default judgment. Robinson timely filed a motion for new trial, which was overruled by operation of law. Because Robinson met the three elements of the *Craddock* test, we reverse the trial court's judgment and remand for further proceedings.

In one issue, Robinson argues that the trial court erred in effectively denying her motion for new trial by allowing it to be overruled by operation of law because, she argues, she either received no service of the citation and petition or that the service was

deficient which would require the default judgment to be set aside and, alternatively, she satisfied the *Craddock* elements to warrant a new trial.

We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987).

## NO SERVICE/DEFICIENT SERVICE

A default judgment cannot withstand direct attack by a defendant who was not served in strict compliance with applicable requirements. *Wood v. Brown*, 819 S.W.2d 799, 800 (Tex. 1991) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)); *Plains Chevrolet, Inc. v. Thorne*, 656 S.W.2d 631, 633 (Tex. App.—Waco 1983, no writ). Strict compliance does not, however, require "absolute obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 871 (Tex. App.— Houston [1st Dist.] 1995, no pet.).

Robinson contends that she was not served with the citation and petition because the officer's return on the citation indicated that the petition was served in care of Robinson's former employer, Patman Drilling. We disagree with Robinson's contention. It is clearly stated on the face of the return that a true and correct copy of the citation and petition was served on "Robinson, Donna, in person…." Robinson's statements to the contrary are insufficient to negate what is written on an officer's return. *See Wood v. City of Galveston*, 13 S.W. 227, 228 (Tex. 1890).

Robinson also contends that the return was deficient because it was unclear from the face of the return who served the citation and petition and the return was not

verified. We again disagree with Robinson's contention. Contrary to her claim, it is clear on the face of the return that the citation was served through Constable Pearce by Deputy Tackett. Further, pursuant to Rule 107, the return need only be verified by an "authorized person" if the person serving it is not an "officer." TEX. R. CIV. P. 107. Because a constable can act through a deputy, the deputy is an officer as contemplated by Rule 107. *See Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex. App.—San Antonio 1983, no writ). Accordingly, the return was not required to be verified.

As to this particular argument, the trial court did not abuse its discretion in effectively denying Robinson's motion for new trial.

### THE *CRADDOCK* TEST

Alternatively, Robinson argues that she met the three elements of the *Craddock* test, which would warrant a new trial. A default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994).

*First Element—Intentional Disregard or Conscious Indifference*

In determining whether the failure to appear was due to intentional disregard or conscious indifference we must look to the knowledge and acts of the defendant. *Director, State Emples. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). If the factual assertions in the defendant's affidavit are not controverted by the plaintiff, the defendant satisfies her burden if her affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Id*. However, conclusory allegations are insufficient. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). In determining if the defendant's factual assertions are controverted, we look to all the evidence in the record. *Director*, 889 S.W.2d at 269.

In her affidavit filed with her motion for new trial, Robinson stated that she was not personally served with the citation or a copy of the petition in this suit. She further stated that she was unaware of the lawsuit until June 6, 2008 when she was notified by Patman Drilling of the default judgment. Robinson then stated in her affidavit that when she learned of the default judgment, she immediately contacted counsel. These statements set forth facts which, if true, negate intentional or consciously indifferent conduct. Elliott Electric did not controvert any of Robinson's statements.

Robinson has satisfied the first element of the *Craddock* test.

*Second Element—Meritorious Defense*

Setting up a meritorious defense does not require proof "in the accepted sense." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 928 (Tex. 2009); *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). This does not mean that the motion should be granted if it merely alleges that the defendant "has a meritorious defense." *Ivy*, 407 S.W.2d at 214. Rather,

the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Dolgencorp*, 288 S.W.3d at 928; *Ivy*, 407 S.W.2d at 214. Once such requirements are met, controverting evidence offered by the nonmovant should not be considered. *Id*.

In her motion for new trial, Robinson asserted as her "meritorious defense" that

> 1. she served as an assistant to the Chief Operating Officer during her employment with Patman Drilling;
>
> 2. she was never a principal of Patman Drilling;
>
> 3. she has not, and it was never her intent to, "personally guarantee any debts of Patman Drilling."

While inartfully stated, it appears Robinson is arguing that she did not sign the credit agreement with Elliott Electric in her individual capacity. The credit agreement, attached to Elliott Electric's original petition, indicates that Robinson's signature is followed by the words, "Assistant to C.O.O." Further, Robinson asserts she had not personally guaranteed Patman Drilling's debts. We hold this is sufficient proof of a meritorious defense that Robinson did not sign the application for credit in her individual capacity and as such did not personally guarantee her employer's debt to satisfy the *Craddock* test.

Robinson has satisfied the second element of the *Craddock* test.

### Third Element—Delay or Injury

In satisfying the third *Craddock* element, once the defendant has alleged that the granting of a new trial will not delay or otherwise injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff for these are matters peculiarly

within the plaintiff's knowledge. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *see also Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009). An offer to reimburse the plaintiff for costs incurred in obtaining the default judgment or readiness for trial are not a precondition for granting the motion. *Id.*; *Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 97 (Tex. 1986).

Robinson alleged in her motion for new trial that granting her motion would not injure Elliott Electric or cause an unreasonable delay in rendering a fair and equitable judgment between the parties. Elliott Electric did not address this assertion at all in its response to Robinson's motion.

Therefore, Robinson has satisfied the third element of the *Craddock* test.

## *Conclusion*

Because Robinson has satisfied all three elements, the trial court abused its discretion in effectively denying her motion for new trial by allowing it to be overruled by operation of law. Robinson's issue is sustained.

## CONCLUSION

Having sustained Robinson's sole issue, we reverse the judgment of the trial court and remand this case for a new trial.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Reversed and remanded
Opinion delivered and filed November 25, 2009
[CV06]