**BARKER CATV CONSTRUCTION, INC., Appellant,**

v.

**AMPRO, INC., Appellee.**

**No. 01–97–01241–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1999.

Rehearing Overruled April 1, 1999.

---

David B. Black, Houston, for appellant.

H. Miles Cohn, Houston, for appellee.

Panel consists of Justices O'CONNOR, TAFT, and SMITH.*

## OPINION

TAFT, Justice.

In this restricted appeal, appellant, Barker CATV Construction, Inc. (Barker Construction), challenges a default judgment granted in favor of appellee, Ampro, Inc. (Ampro). We address whether strict compliance with the Texas Rules of Civil Procedure was accomplished by: (1) directing a citation to both the defendant and "the sheriff, constable or any authorized person;" and (2) a return which names only a registered agent and not the actual corporate defendant. We reverse.

### Factual and Procedural History

Ampro received by assignment from a third party certain invoices allegedly owed by Barker Construction. After Barker did not pay these invoices, Ampro sued Barker Construction for $77,991.05.

Ampro's petition stated that citation could be served on Barker Construction's registered agent "James M. Barker, 128 Northwest Ellison, Burleson, Johnson County, Texas 76028." The citation provided as follows:

TO ANY SHERIFF OR CONSTABLE OR AUTHORIZED PERSON OF THE STATE OF TEXAS

TO: BARKER CATV CONSTRUCTION, INC., A CORPORATION BY SERVING REGISTERED AGENT, JAMES M. BARKER

128 NORTHWEST ELLISON

BURLESON, JOHNSON COUNTY, TEXAS 76028

The officer's return of service stated that service was executed on October 16, 1996 on "James Barker" at "300 Boone A11." On May 22, 1996, an amended return was filed stating that service was executed on "BARKER CATV CONSTRUCTION, INC. BY SERVING REGISTERED AGENT JAMES M. BARKER IN PERSON AT 300 BOONE RD, BURLESON, TARRANT COUNTY, TEXAS." The record does not contain an order from the court authorizing an amendment of the original return.

After Barker Construction failed to appear or answer, the trial court signed a default judgment against it in the amount of $77,991.05. Barker Construction did not participate in the trial court proceedings prior to the entry of the default judgment, and did not file any timely postjudgment motions in the trial court. Barker Construction filed a notice of restricted appeal, challenging (1) the sufficiency of the citation and return and (2) the sufficiency of the evidence supporting the default judgment.

### Restricted Appeal

■ The elements necessary to succeed on a restricted appeal are: (1) a notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not file a timely postjudgment motion or request for findings of fact and conclusions of law; and (4) error must be apparent on the face of the record.[1] Tex.R.App.P. 26 .1(c), 30; *see Faggett v. Hargrove*, 921 S.W.2d 274, 276 (Tex. App.—Houston [1st Dist.] 1995, no writ).

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. As of September 1, 1997, the writ of error procedure under former rule 45 of the Rules of

Appellate Procedure was replaced by a restricted appeal under new rule 30. Because Barker Construction filed its notice of appeal on October 27, 1997, we will apply new rule 30.

The only element disputed by the parties is whether error exists on the face of the record that would require reversal of the default judgment.

 As was an appeal by writ of error, a restricted appeal is a direct attack. *See Faggett*, 921 S.W.2d at 276. A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Medeles v. Nuñez*, 923 S.W.2d 659, 662 (Tex.App.—Houston [1st Dist.] 1996, writ denied). If strict compliance is not affirmatively shown, the service of process is invalid and has no effect. *Uvalde Country Club v. Martin Linen Supply*, 690 S.W.2d 884, 885 (Tex.1985). In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment. *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Jurisdiction over the defendant must affirmatively appear by a showing of due service of citation, independent of the recitals in the default judgment. *Faggett*, 921 S.W.2d at 276.

### Service and Return of Citation

In its first point of error, Barker Construction argues that the trial court erred in granting the default judgment in favor of Ampro because both the citation and return are defective in that they do not strictly comply with the Rules of Civil Procedure, thus rendering the service fatally defective and insufficient to confer personal jurisdiction over Barker Construction.

### A. The Citation

 To be valid, a citation must comply with the following 12 requirements:

> **Form.** The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of parties, (8) *be directed to the defendant*, (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition.

TEX.R.CIV.P. 99(b)(1)–(12) (emphasis added).

In this case, the citation is directed "to any sheriff or constable or authorized person" and "to Barker CATV Construction, Inc." Failure to direct citation to the defendant as required by the rules results in a void citation, ineffective service, and a void default judgment. *Faggett*, 921 S.W.2d at 276. In *Medeles* and in *Faggett*, this Court held that citations addressed to "the sheriff or constable of Texas" as well as to the defendant are confusing and do not strictly comply with the rules of civil procedure. *Medeles*, 923 S.W.2d at 663; *Faggett*, 921 S.W.2d at 277. As we noted in *Faggett*, rule 99(b)(8) requires that the citation be directed to the defendant. 921 S.W.2d at 277. The rule does not require that citation be directed to the sheriff or constable. *Id.*

Our analyses in *Medeles* and *Faggett* did not, however, consider rule 15 of the Rules of Civil Procedure: "The style of all writs and process shall be 'The State of Texas'; and unless otherwise specially provided by law or these rules every such writ and process *shall be directed to any sheriff or any constable within the State of Texas....*" TEX.R.CIV.P. 15 (emphasis added). Rule 15 seems to conflict with rule 99(b), which states the citation shall "(1) be styled 'The State of Texas,'" and "(8) *be directed to the defendant....*" TEX.R.CIV.P. 99(b)(1), (8) (emphasis added).

The citation we are reviewing in this case is a preprinted form addressed to "the sheriff or any constable of Texas," as well as to the defendant. The requirements of rules 15 and 99(b) can be harmonized by allowing the citations to be directed to both the sheriff or constable, as the officer serving it, and the defendant, as the person being served.

Therefore, this Court has decided, en banc,[2] to overrule the portions of *Medeles* and *Faggett* in which we held that citations addressed to the constable and the defendant were defective. Because our decisions in *Medeles* and *Faggett* were not based solely on error in directing the citation to the constable as well as to the defendant, however, the results in those cases would not have been different.

## B. The Return of Service

■ Barker Construction also argues that the trial court erred in entering default judgment because the return of service did not comply with the Texas Rules of Civil Procedure. As with the citation, when a default judgment is attacked the record must show strict compliance with the procedural rules relating to the return. *McGraw–Hill*, 823 S.W.2d at 416.

In this case, the original return reflects service on "James Barker." It does not state, as it must, that it was delivered to the defendant, Barker CATV Construction, Inc., through its registered agent James M. Barker. *See Verlander Enterprises, Inc. v. Graham*, 932 S.W.2d 259, 261 (Tex.App.—El Paso 1996, no writ) (holding that return showing service on registered agent "Jim Gore" did not show service on corporate defendant Verlander Enterprises); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 113 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) (holding that return showing service on "Clint Hughes V. Pres." insufficient to prove service when citation recited that it was to be issued to Bavarian Autohaus, Inc., a Texas corporation, by serving its agent, Charles Vann).

The notation "James Barker" on the original return does not establish that the person served is in fact the defendant's agent for service of process, nor does it establish that the defendant, Barker CATV Construction, Inc., was served. The original return shows only that a person named "James Barker" was served with a petition in which he is not sued. The original return fails absolutely to

show service on the defendant, Barker Construction. Therefore, the original return was fatally defective. *See Bavarian*, 570 S.W.2d at 113. Because we find that the original return was insufficient, we now turn to the question of whether the amendments to the officer's return pursuant to Rule 118 of the Texas Rules of Civil Procedure rectified these omissions.

## Rule 118 Amendment

■ Ampro argues that the original return was amended to show service on Barker Construction at the request of the court clerk. However, the record before us does not reflect who, if anyone, either requested or ordered an amended return. Rule 118 clearly states that "*the court may allow* any process or proof of service thereof to be amended...." Barker Construction does not dispute that the return can be amended to add or change substantive facts. Indeed, it is clear that such amendments are proper under Rule 118. *See Higginbotham v. General Life & Accident Ins. Co.*, 796 S.W.2d 695, 696 (Tex.1990), *see also Mylonas v. Texas Commerce Bank—Westwood*, 678 S.W.2d 519, 522–23 (Tex.App.—Houston [14th Dist .] 1984, no writ); *Bavarian*, 570 S.W.2d at 113. Rather, Barker Construction disputes that the record contains a formal order from the court that expressly amends the citation return or that is "tantamount to an order amending the return of citation." *See and compare Higginbotham*, 796 S.W.2d at 696–97 (requiring there be some record showing of an order, or its equivalent, expressly amending the return).

Ampro contends that an order allowing the amendment was not necessary because this suit involved regular service pursuant to rule 107, and not alternative service authorized by rule 106. We disagree. Rule 118 gives a trial court express authority "to allow amendment of the return to reflect the service that was actually had ." *Higginbotham*, 796 S.W.2d at 696. The record in this case is devoid of any evidence that the court allowed

---

2. Because one panel of the Court cannot overrule the decision of a different panel, this Court considered this one narrow issue en banc. On en banc consideration, a unanimous court, plus

Justice Jackson B. Smith, Jr., voted to overrule, in part, this Court's prior opinions in *Medeles* and *Faggett*. The remainder of this opinion is decided by the panel.

the amended return to be filed. Therefore, the amendments to the officer's return did not rectify the alleged omissions in the original return. Both of these returns are defective, as they do not, on the record in this case, affirmatively reflect strict compliance with the rules. We adhere to the rule that failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Uvalde Country Club,* 690 S.W.2d at 885.

Because the original return was not in strict compliance with the rules, and because there is not a court order expressly authorizing an amendment to the return, Barker Construction is entitled to a new trial. We sustain Barker Construction's first point of error.

## Insufficient Evidence to Support Default Judgment

In its second point of error, Barker Construction alleges that the trial court erred in granting a default judgment because the evidence supporting the judgment was legally insufficient. Because we have held that the form of the return was improper, we need not address Barker Construction's second point of error.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.

## OPINION ON MOTION FOR REHEARING

Our opinion of February 18, 1999, vacated a default judgment in favor of appellee, Ampro, Inc. (Ampro), and remanded this cause for a new trial. Ampro has filed a motion for rehearing and a supplemental clerk's record in support of the motion for rehearing. Appellant, Barker CATV Construction, Inc. (Barker Construction) opposes the motion for rehearing and has moved to strike the supplemental clerk's record. We deny rehearing and decline to strike the supplemental clerk's record, but issue this opinion as a supplement to our previous opinion. Our judgment of February 18, 1999, remains unchanged.

## What Does the Record Show?

In its first issue on rehearing, Ampro challenges our conclusion that the record does not show that the trial court allowed Ampro to file an amended return of service, as authorized by rule 118 of the Rules of Civil Procedure, to reflect proper service on Barker Construction. TEX.R.CIV.P. 118. Ampro relies on a single document in the supplemental clerk's record and claims this document compels a different conclusion.

### A. "Face of the Record" in Restricted Appeals

As stated in our original opinion, a restricted appeal attacks error that is "apparent from the face of the record." TEX. R.APP.P. 26.1(c), 30; *see Faggett v. Hargrove,* 921 S.W.2d 274, 276 (Tex.App.—Houston [1st Dist.] 1995, no writ) (decided under writ of error practice, which restricted appeal replaced). The "face of the record" in a restricted appeal consists of the papers on file with the trial court when it rendered judgment. *See General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 944 (Tex.1991). We may not consider evidence, accordingly, unless it was before the trial court when it rendered judgment. *Id.; Laidlaw Waste Sys., Inc. v. Wallace,* 944 S.W.2d 72, 73 (Tex. App.—Waco 1997, writ denied); *Gerdes v. Marion State Bank,* 774 S.W.2d 63, 65 (Tex. App.—San Antonio 1989, writ denied). The prohibition is appropriate because a restricted appeal directly attacks the judgment rendered. *General Electric,* 811 S.W.2d at 943; *Faggett,* 921 S.W.2d at 276.

*General Electric, Laidlaw,* and *Gerdes* uniformly reject attempts to alter the "face of the record" limitation for writ of error proceedings (now restricted appeals) with evidence offered after the judgment, either to support or defeat a previously rendered judgment. *General Electric,* 811 S.W.2d at 943, 944 (affidavits by district clerk and counsel averring, after dismissal for want of prosecution, that notices contemplated by TEX. R.CIV.P. 165a and 306a neither given nor received); *Laidlaw,* 944 S.W.2d at 73 (affidavits by district clerk explaining, after default

judgment rendered, the usual procedures for service of process in Johnson County); *Gerdes*, 774 S.W.2d at 64–65 (addition of file mark by trial judge as a result of hearing conducted after default judgment rendered).

## B. Ampro's Supplemental Clerk's Record

Apart from the cover, index, and bill of costs, the supplemental clerk's record contains the following three items:

1. A two-page letter from Ampro's counsel to the County Clerk of Harris County. It is dated March 4, 1999, filed with the county clerk on that date, and requests a supplemental clerk's record.

2. A document attached to Ampro's March 4, 1999 letter and described in that letter as a copy of the document Ampro asks the clerk to include in the supplemental clerk's record.

3. An irrelevant trial court's docket sheet.

Ampro's March 4, 1999 letter described the document Ampro wishes us to consider, as follows:

> We wish to make request to supplement the record with one relevant document that was not included within the Clerk's original record. The missing document is a memorandum prepared by the Court advising [Ampro's] counsel of a defect in the Sheriff's return that needed to be corrected. *A copy of the memorandum is included with this letter.* The memorandum advises [Ampro's] counsel that "service return needs to read exactly as front of citation—'Barker CATV Construction, Inc. by delivering to James A. Barker, registered agent.' Not just 'James Barker'."
>
> We are requesting that the record be supplemented with this document pursuant to TEX.R.APP.P. 34.5(c)(1).

(Emphasis added; quotation marks as in original).

Ampro relies on the document, which it describes as "a memorandum prepared by the Court," to establish:

- that the trial court expressly requested that Ampro amend the return;

- that the trial court necessarily allowed Ampro to file the amended return, as authorized by rule 118; and

- that both of these events necessarily occurred before the trial court rendered the default judgment.

We conclude the document is not properly before us as reflecting the record of the clerk of the trial court.

Rule 34.5(c) of the Texas Rules of Appellate Procedure allows the trial court, the appellate court, and any party to supplement the existing clerk's record if "any relevant item has been omitted." TEX.R.APP.P. 34.5(c). All that is needed is a letter directing the clerk of the trial court to prepare, certify, and file with the court of appeals a supplemental clerk's record containing the omitted item. *Id.*

■ Like its predecessor, rule 55, however, rule 34.5(c) does not permit the record in a restricted appeal to be supplemented unless it is clear that the item to be considered was before the trial court when it rendered the default judgment. *Laidlaw*, 944 S.W.2d at 73; *Gerdes*, 774 S.W.2d at 64–65. This is consistent with the "face of the record" limitations we addressed above, and is implied in rule 35.5(c)'s requirement that the relevant item have been "omitted from the clerk's record." TEX.R.APP.P. 35.5(c).

■ Ampro's letter of March 4, 1999, identified the document the clerk was to include in the supplemental clerk's record. In addition, Ampro attached a copy of the document to its letter. But the copy attached to Ampro's letter is the only copy of the document in the supplemental record. Ampro's copy is not certified by the district clerk, except as an attachment to Ampro's letter of March 4, 1999. Further, while the document bears the heading "Court at Law Number Four," there is nothing to show when the court issued it, or if the court issued it. Finally, the document has no file-stamp or other marking to indicate that it was part of the record of the court below. More importantly, the document does not establish, and the parties dispute, that it was

part of the record when the trial court rendered the default judgment.

We conclude that we may not consider the document in support of Ampro's motion for rehearing. While we decline to consider the document, we nevertheless deny Barker Construction's motion to strike the supplemental clerk's record in its entirety. *See* TEX. R.APP.P. 34.5(c)(3) ("Any supplemental clerk's record will be part of the appellate record.").

### Conclusion

We remain convinced that the record fails absolutely to show service on Barker Construction. Accordingly, we deny Ampro's motion for rehearing and Barker Construction's motion to strike the supplemental clerk's record filed with this Court on March 10, 1999.