Opinion issued September 19, 2002










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00670-CV

____________


WALTER JAMES ANDERSON AND ROLLAND D. FIELDS, Appellants


V.


LEE R. McCRAY AND LIBERTY CAB COMPANY, INC., Appellees






On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 98-32871






O P I N I O N

 Appellants, Walter James Anderson and Rolland D. Fields, bring this restricted
appeal from the trial court's order dismissing their claims against Liberty Cab
Company, Inc. (Liberty) and Lee McCray for want of prosecution. In three issues,
appellants contend it is apparent from the face of the record that the trial court erred
in (1) dismissing their claims for want of prosecution, (2) failing to set or conduct a
dismissal hearing, and (3) dismissing their claims for failure to comply with the
notice of dismissal.

 We reverse and remand.

Factual Background

 Appellants filed a personal injury claim in July 1998, alleging they sustained
injuries in a car accident as passengers in a taxicab driven by McCray and owned by
Liberty. Appellants obtained service on Liberty and Liberty appeared and answered
the lawsuit in August 1998. Appellant also served McCray, who did not file an
answer, and appellants obtained a default judgment against him in September 2000.

 In December 2000, the trial court sent a notice to all interested parties which
read, in part, as follows:

 Court records indicate that this case is eligible for dismissal for want of
prosecution because no answer/service has been filed.


 The case will be dismissed for want of prosecution, on January 8, 2001,
unless one of the following actions is taken: 


 1. service is obtained;

 2. a default judgment is signed; or

 3. a verified motion to retain is filed. All motions to retain shall be
set on the oral docket, January 8, 2001, at 11:00 a.m.

Appellants did not appear on January 8, 2001, and the trial court subsequently signed
an order dismissing appellants' lawsuit "for want of prosecution."Restricted Appeal

 Appellants filed a notice of restricted appeal. See Tex. R. App. P. 30. Rule 30
sets out the prerequisites to bringing a restricted appeal:

 A party who did not participate--either in person or through
counsel--in the hearing that resulted in the judgment complained of and
who did not timely file a postjudgment motion or request for findings of
fact and conclusions of law, or a notice of appeal within the time
permitted by Rule 26.1(a), may file a notice of appeal within the time
permitted by Rule 26.1(c).


Id. Rule 26.1(c) provides that, in a restricted appeal, the notice of appeal must be
filed within six months after the judgment or order is signed. Tex. R. App. P. 26.1(c).

 The trial court dismissed appellants' lawsuit on January 16, 2001. Appellants
filed their notice of appeal on July 16, 2001, within the required six months. 
Appellants did not participate in the hearing that resulted in dismissal, file any
postjudgment motions, request findings of fact or conclusions of law, or file a notice
of appeal within the usual appellate deadlines. Thus, appellants have met the
procedural requirements for presenting a restricted appeal.

Error on the Face of the Record


 In their third issue, appellants argue the trial court's error in dismissing their
lawsuit for want of prosecution is apparent on the face of the record because they
complied with at least one of the conditions to retain the case specified in the trial
court's notice.

 To prevail in a restricted appeal, a party must demonstrate error apparent on the
face of the record. Barker v. CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 791
(Tex. App.--Houston [1st Dist.] 1999, no pet.). We review a trial court's decision
to dismiss a case for want of prosecution under an abuse of discretion standard. 
MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997).

 The record indicates that, at the time the trial court signed its order of
dismissal, appellants had obtained service on both defendants and had obtained a
default judgment against one of them, satisfying two of the three requirements to
retain the case as specified in the trial court's notice of its intent to dismiss. The trial
court's error in dismissing this case is, therefore, apparent from the face of the record. 
Accordingly, we hold the trial court abused its discretion in dismissing appellants'
claims for want of prosecution.

 We sustain appellants' third issue.

 Because our determination regarding appellants' third issue is dispositive of
this case, we do not address their two remaining issues.


Conclusion

 We reverse the trial court's judgment dismissing this case and remand the case
for further proceedings.




 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack

Do not publish. Tex. R. App. P. 47.