In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00780-CV




DONALD AND TAMMY ROVENTINI, INDIVIDUALLY AND AS NEXT
FRIENDS OF MICHAEL ROVENTINI, Appellants

V.

OCULAR SCIENCES, INC., AND SEE-N-FOCUS OPTICAL, INC.,
Appellees




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2000-42078




CONCURRING OPINION

          I concur. While I join in the majority in its reasoning and disposition of the
Roventinis’ issues, I respectfully disagree with the majority’s denial of the
manufacturer’s and seller’s joint motion to strike the supplemental clerk’s record filed
at the Roventinis’ request. Instead, I would overrule a recent precedent of this Court
and strike the supplemental clerk’s record. 
          I agree with the majority that consideration of the documents in the
supplemental clerk’s record is improper because they were not before the trial court. 
Barker CATV Const. v. AMPRO, Inc., 989 S.W.2d 789, 791 (Tex. App.—Houston
[1st Dist.] 1999, no pet.). I disagree with Barker, however, to the extent that it
endorses filing any supplemental record, even those containing materials not before
the trial court. To quote from that opinion, “We conclude that we may not consider
the document in support of Ampro’s motion for rehearing. While we decline to
consider the document, we nevertheless deny Barker Construction’s motion to strike
the supplemental clerk’s record in its entirety. See Tex. R. App. P. 34.5(c)(3) (‘Any
supplemental clerk’s record will be part of the appellate record.’).” Barker, 989
S.W.2d at 791. 
          I believe that the better practice is to decline to file any material that was not
before the trial court, even though it may be designated by the moving party as a
“supplemental clerk’s record.” Barker admits that “rule 34.5(c) does not permit the
record in a restricted appeal to be supplemented unless it is clear that the item to be
considered was before the trial court when it rendered the default judgment.” Id. at
795 (citing Laidlaw Waste Systems, Inc. v. Wallace, 944 S.W.2d 72, 73 (Tex.
App.—Waco 1997, writ denied)). This result flows from the language of rule 34.5(c),
which permits supplementation if “a relevant item has been omitted.” Tex. R. App.
P. 34.5(c) (emphasis added). Material that was not before the trial court is not
relevant to the appeal.
          Barker is inconsistent with rulings of some of our sister courts and appears to
find no support in any of them. For example, in Intermarque Automotive Products,
Inc. v. Feldman, 21 S.W.3d 544, 547 n.3 (Tex. App.—Texarkana 2000, no pet.), the
court held that while rule 34.5(c) authorizes supplementation of the appellate clerk’s
record, “it does not allow the creation of a new trial record.” The Amarillo court has
written, “Leave to supplement merely encompasses permission to augment the
appellate record with the existing trial court record; it does not allow the creation of
a new trial court record.” Disco Mach. of Liberal Co. v. Payton, 900 S.W.2d 71, 74-75 (Tex. App.—Amarillo 1995, writ denied) (emphasis in original). 
          I cannot agree with Barker’s hybridization of rule 34.5 by permitting
supplementation and then refusing to consider the contents of the supplement. I
believe that the proper procedure is to strike the improper items and maintain the
integrity of the clerk’s record on appeal. Accordingly, I would overrule the erroneous 
 
 
holding in Barker and strike the Roventinis’ supplemental clerk’s record.




                                                                        Adele Hedges
                                                                        Justice


Panel consists of Justices Hedges, Jennings, and Alcala.

Justice Hedges concurring.