Opinion issued June 26, 2003 










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00780-CV




DONALD AND TAMMY ROVENTINI, INDIVIDUALLY AND AS NEXT
FRIENDS OF MICHAEL ROVENTINI, Appellants

V.

OCULAR SCIENCES, INC., AND SEE-N-FOCUS OPTICAL, INC.,
Appellees




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2000-42078




O P I N I O N

          Appellants, Donald Roventini and Tammy Roventini, individually and as next
friends of Michael Roventini (collectively, the Roventinis) bring this restricted appeal
under rule 30 of the Rules of Appellate Procedure to challenge a no-evidence
summary judgment rendered in favor of appellees, Ocular Sciences, Inc., and See-in-Focus Optical, Inc. See Tex. R. App. P. 30, 26.1(c) (restricted appeal and notice
requirements for restricted appeal); Tex. R. Civ. P. 166a(i) (no-evidence summary
judgment). The Roventinis contend that error on the face of the record mandates
reversal. We affirm.
Background Facts and Procedural History
          The Roventinis’ pleadings allege that contact lenses purchased for Michael
were defective and damaged his vision. They sued appellees, See-N-Focus, as seller,
and Ocular Sciences, Inc., as manufacturer, of the allegedly defective lenses, seeking
damages for negligence, strict products liability, breach of warranty, and violations
of the Deceptive Trade Practices-Consumer Protection Act (DTPA).



          After initial discovery, the seller and manufacturer filed motions for summary
judgment. The face of the record reflects service of both motions and accompanying
notices of oral hearing on the Roventinis’ trial counsel. The Roventinis did not
respond to the motions for summary judgment, as the trial court noted in its judgment,
and did not participate in the summary-judgment hearing. The Roventinis filed no
postjudgment motions to challenge the final, take-nothing summary judgment
rendered by the trial court on March 1, 2002, and did not otherwise challenge the
summary judgment except by filing a notice of a restricted appeal on July 24, 2002.
Standards of Review
          We apply two standards of review of this appeal: those that govern no-evidence summary judgments and those that govern restricted appeals.
A.      Restricted Appeal
          A restricted appeal is a direct attack on a judgment. Hercules Concrete
Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp., 62 S.W.3d 308, 309 
(Tex. App.—Houston [1st Dist.] 2001, no pet.). The elements necessary to succeed
on a restricted appeal are as follows: (1) the notice of restricted appeal must be filed
within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who
neither participated in the hearing that resulted in the judgment nor filed a timely
postjudgment motion or request for findings of fact and conclusions of law; and (4)
the face of the record must disclose the claimed error. Norman Communications v.
Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997); Barker CATV Constr. v.
AMPRO, Inc., 989 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
It is undisputed that the Roventinis complied with the first three elements. 
          Although review by restricted appeal affords review of the entire case and thus
permits the same scope of review as an ordinary appeal, the face of the record must
reveal the claimed error. See Norman Communications, Inc., 955 S.W.2d at 270
(decided under predecessor writ-of-error practice); Barker CATV Constr., 989 S.W.2d 
at 791. The face of the record in a restricted appeal consists of the papers on file with
the court when it rendered judgment. General Elec. Co. v. Falcon Ridge Apartments
Joint Venture, 811 S.W.2d 942, 944 (Tex. 1991) (decided under writ-of-error
practice); Barker CATV Constr., 989 S.W.2d at 794 (on motion for rehearing). 
Accordingly, we may not consider, as part of the record, evidence or documents that
were not before the trial court when it rendered judgment. See General Elec. Co., 811
S.W.2d at 944; Barker CATV Constr., 989 S.W.2d at 794-95.
B.      “No-Evidence” Summary Judgment
          After adequate time for discovery, a party may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial. Tex.
R. App. P. 166a(i); Brewer & Pritchard, P.C. v. Johnson, 7 S.W.3d 862, 866 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). The motion must specify which essential
elements of the opponent’s claim or defense lack supporting evidence. See Brewer
& Pritchard, P.C., 7 S.W.3d at 866-67. Once the party seeking the no-evidence
summary judgment files a proper motion, the respondent must bring forth evidence
that raises a fact issue on the challenged elements. See Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.). The party with the burden of
proof at trial thus has the burden of proof in the summary-judgment proceeding. 
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
          The respondent need not “marshal its proof” as for trial and need only “point
out” evidence that raises a fact issue on the challenged elements. See Tex. R. Civ.
P. 166a(i) cmt to 1997 change; Howell v. Hilton Hotels Corp., 84 SW.3d 708, 715
(Tex. App.—Houston [1st Dist.] 2002, no pet.); see also Robinson v. Warner-Lambert, 998 S.W.2d 407, 410 (Tex. App.—Waco 1999, no pet.) (“A no-evidence
motion for summary judgment places the burden on the nonmovant to present enough
evidence to be entitled to a trial.”); Hon. David Hittner & Lynne Liberato, Summary
Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998) (“[T]he mere filing of the
motion shifts the burden to the respondent to come forward with enough evidence to
take the case to a jury.”). If the respondent does not produce more than a scintilla of
evidence to raise a genuine issue of material fact on the challenged element or
elements, the trial court “must” grant the motion. Tex. R. Civ. P. 166a(i) and cmt. to
1997 change; see Brewer & Pritchard, P.C., 7 S.W.3d at 867; Flameout Design &
Fabrication, Inc., 994 S.W.2d at 834.
          Under rule 166a(i), therefore, as opposed to rule 166a(c), which governs
traditional summary judgments, the trial court may render a summary judgment by
default for lack of a response by the respondent, provided the movant’s motion
warranted rendition of a final summary judgment based on lack of evidence to
support the respondent’s claim or defense. See Jackson, 979 S.W.2d at 71
(contrasting summary judgment practice under rule 166a(c) and rule 166a(i) in
rejecting contention that trial court may not grant summary judgment based solely on
lack of response); see also Timothy Patton, Summary Judgments in Texas,
Practice, Procedure and Review, § 5.06[5][a][I] (2d ed. Supp. 2001) (“Patton”)
(noting that rule 166a(i)’s mandate, to render summary judgment if respondent does
not respond to no-evidence motion that (1) identifies elements lacking evidence and
(2) “is neither conclusory nor a general no-evidence challenge,” represents “marked
departure” from former, “long standing” summary judgment practice that forbade
rendering summary judgment based on the opposing party’s default) (citing and
excerpting from Jackson, 979 S.W.2d at 71).
          When, as in this case, therefore, the respondent does not file a response, the
first controlling issue is whether the movant’s motion was sufficient to warrant the
no-evidence summary judgment and thus shifted the burden to the respondent to
produce evidence that raised a genuine issue of material fact. See Jackson, 979
SW.2d at 71; Patton, § 5.06[5][a][i]. Because this is a restricted appeal, the second
controlling issue is whether the movants’ motions for no-evidence summary judgment
reveal error on the face of the record, as the Roventinis contend. See Norman
Communications, 955 S.W. 2d at 270.
The Face of the No-Evidence Summary Judgment Record
          Over a year after the Roventinis filed their petition and two months before this
case was set for trial, the manufacturer and seller filed identical motions for no-evidence summary judgment.


 The motions tracked the Roventinis’ pleadings and
identified their theories of liability as follows: strict products liability, negligence,
breach of the implied warranty of merchantability, and violations of the DTPA based
on breach of the implied warranty of merchantability.
          With respect to the strict products-liability claim, the manufacturer’s and
seller’s motions for no-evidence summary judgment asserted that there was no
evidence of the following two elements: (1) that the contact lens was sold in a
defective condition that was unreasonably dangerous to the Roventinis or (2) that the
lens was expected to and did reach the Roventinis without substantial change in the
condition in which it was sold. See Firestone Steel Prods. Co. v. Barajas, 927
S.W.2d 608, 613 (Tex. 1996) (citing Restatement (Second) of Torts § 402A
(1965)); Smith v. Aqua-Flo, Inc., 23 S.W.3d 473, 476 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied) (stating elements of products-liability claim).
          For the Roventinis’ negligence claim, the manfacturer and seller contended in 
their motions that there was no evidence (1) that they breached a legal duty owed to 
the Roventinis or (2) that the breach of that duty proximately caused the injuries for 
which the Roventinis sought personal injury damages. See Firestone Steel Prods.
Co., 927 S.W.2d at 609; McNeil v. Nabors Drilling USA, Inc., 36 S.W.3d 248, 250
(Tex. App.—Houston [1st Dist.] 2001, no pet.) (stating elements of negligence claim).
          For the Roventinis’ claim that the manufacturer and seller breached implied
warranties of merchantability, the no-evidence motions attacked each element
required to prevail, as follows: (1) that the contact lens was defective as unfit for its
purpose because of a lack of what was required for adequacy; (2) that the alleged
defect existed when the contact lens left the manufacturer’s and the seller’s
possession; and (3) that the alleged defect proximately caused the injuries for which
the Roventinis sought damages. See Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d
442, 444 (Tex. 1989); Harris Packaging Corp. v. Baker Concrete Constr. Co., 982
S.W.2d 62, 66 Tex. App.—Houston [1st Dist.] 1998, pet. denied) (stating elements
of claim of breach of implied warranty of merchantability).
          With respect to recovery under the DTPA, the manufacturer’s and seller’s
motions again challenged whether they (1) breached an implied warranty of
merchantability, as the Roventinis alleged, and (2) whether their alleged breach was
a producing cause of damage to the Roventinis. See Tex. Bus. & Com. Code Ann.
§ 17.50(a)(2) (Vernon 2002) (stating elements of DTPA recovery).
          The record thus reflects that, in moving for no-evidence summary judgment,
the manufacturer and seller specified one, more, or all essential elements of each of
the claims and theories of liability the Roventinis alleged in their petition and on
which they would have the burden of proof at trial. Accordingly, the motions
complied with rule 166(i) and were sufficient to warrant a no-evidence summary
judgment on each of those claims. See Brewer & Pritchard. P.C., 7 S.W.3d at 866. 
Because the motions were sufficient to warrant a no-evidence summary judgment, the
burden shifted to the Roventinis to respond to the motions by producing more than
a scintilla of evidence on each of the challenged elements. Id.; see also Flameout
Design & Fabrication, Inc., 994 S.W.2d at 834. 
          On the face of the record, therefore, the motions were sufficient to warrant a
no-evidence summary judgment, but the Roventinis filed no response to the motions,
despite service and notice of hearing concerning the motions. Based on this record, 
the express provisions of rule 166a(i) required that the trial court grant the no-evidence motions and render judgment in favor of the manufacturer and seller. See
Tex. R. Civ. P. 166a(i); Brewer & Pritchard, P.C., 7 S.W.3d at 867; Flameout Design
& Fabrication, Inc., 994 S.W.2d at 834; Jackson, 979 S.W.2d at 71.
          The Roventinis’ challenge to the trial court’s ruling is two-pronged. They first
contend that the manufacturer and seller “practically admit,” in their no-evidence
motions for summary judgment and thus on the face of the record, that evidence
exists on each of the elements challenged by the motions. We disagree. The motions
consistently refer to the Roventinis’ pleadings as allegations only and do not concede
that the allegations are true.
          The Roventinis’ second challenge to the face of the record asserts that the
manufacturer’s and seller’s motions “were misleading as to the state of the evidence.” 
To substantiate this contention, the Roventinis have attached to their brief copies of
excerpts from documents that were apparently produced in discovery. But the
Roventinis did not present any of these documents to the trial court in opposing the
no-evidence motions and none was before the trial court when it granted the motions.
Because these documents were not before the trial court when it rendered the ruling
the Roventinis challenge in this restricted appeal, we may not consider them in
reviewing the trial court’s ruling. See General Elec. Co., 811 S.W.2d at 944; Barker
CATV Constr., 989 S.W.2d at 794-95.
          We hold that the trial court did not err by rendering summary judgment in favor 
of the manufacturer and seller and that there is no error on the face of the record to
warrant reversal in this restricted appeal. We overrule the Roventinis’ sole issue
presented.
Motions To Supplement Record and Strike Supplemental Record
          The manufacturer and seller, jointly, as well as the Roventinis, requested that
the clerk of the trial court prepare supplemental clerk’s records for filing with this
Court. In a letter to the Harris County District Clerk, the manufacturer and seller
jointly requested that the clerk’s record be supplemented with a certified mail receipt,
a court’s postcard and confirmation sheet, and portions of three depositions. Also in
a letter to the Harris County District Clerk, the Roventinis requested that the clerk’s
record be supplemented with a “Med Watch” report, a letter from R. Edwin Pitts,
M.D., portions of three depositions, answers and objections to admissions, and
answers to interrogatories. The manufacturer and seller, jointly, and the Roventinis
filed motions in this Court seeking leave to supplement the clerk’s record with the
supplemental clerk’s records each requested. The manufacturer and seller also filed
a joint motion to strike the supplemental clerk’s record requested by the Roventinis. 
          The appellate record consists of the clerk’s record and, if necessary to the
appeal, the reporter’s record. Tex. R. App. P. 34.1. Subject to the requirements of
rule 34.2, parties may agree on the contents of the appellate record. Tex. R. App. P.
34.2. Unless designated by agreement under rule 34.2, the clerk’s record must
contain the documents listed in rule 34.5(a)(1) through (11) and, subject to rule
34.5(b), “any filing” that a party designates to be included in the clerk’s record. See
Tex. R. App. P. 34.5(a)(1)-(11), (12); 34.5(b). 
A.      A Party May Direct the Clerk to Supplement the Appellate Record
          Rule 34.5(c) allows a clerk’s record to be supplemented with items omitted
from the clerk’s record and states as follows:
(1)If a relevant item has been omitted from the clerk’s record, the
trial court, the appellate court, or any party may by letter direct the trial
court clerk to prepare, certify and file in the appellate court a supplement
containing the omitted item.

          . . . .
 
(3)Any supplemental clerk’s record will be part of the appellate
record. 

Tex. R. App. P. 34.5(c)(1), (3) (emphasis added). 
          The plain language of Rule 34.5(c) allows not only courts, but parties, to direct
the clerk of the trial court to supplement the clerk’s record filed in a court of appeals
with items omitted from that record that the parties deem relevant. Tex. R. App. P.
34.5(c)(1). Nothing in the rule requires that parties seek permission from any court
before directing the clerk to prepare the supplemental clerk’s record and file it with
the court of appeals. Nothing in the rule requires that the parties obtain a ruling from
any court before the supplemental clerk’s record will be included in the appellate
record. Thus, the rule neither requires a party to file a motion with this Court seeking
permission to supplement the appellate record, nor contemplates an opposing motion
to strike a supplemental clerk’s record. Pursuant to the plain language of this rule,
items included in a supplemental clerk’s record become part of the appellate record
when a party or a court directs the trial court clerk to prepare and file a supplemental
clerk’s record. Tex. R. App. P. 34.5(c)(3).
          We conclude that the parties properly relied on the plain language of rule
34.5(c)(1) both in requesting a supplemental clerk’s record consisting of documents
not included in the original clerk’s record that the parties deemed relevant and in
directing the district clerk to prepare a supplemental clerk’s record consisting of those
documents to be filed with this Court as part of the appellate record in this case. 
Under the plain language of rule 34.5(c)(3), the supplemental clerk’s records filed
with this Court became part of the appellate record in this case. See Tex. R. App. P.
34.5 (c)(3). Accordingly, we deny, as moot, both the Roventinis’ and the
manufacturer’s and seller’s motions to supplement the clerk’s record and the
manufacturer’s and seller’s joint motion to strike the first supplemental clerk’s record 
filed at the request of the Roventinis. 
B.      A Court Determines What Parts of the Record Will Be Considered
          The concurring opinion suggests that a court must determine what is relevant
and, therefore, that a court must rule on whether items will be included in or stricken
from the appellate record. However, rule 34.5(c)(1) clearly states that a party or a
court may direct the clerk of the trial court to prepare a supplemental clerk’s record
to include an item or items and to file that record with the appellate court. The rule
does not require a party to obtain either a ruling on relevancy or permission from a
court before an appellate record may be supplemented. It is inconsistent with the
authority granted parties by rule 34.5(c)(1) for this Court to strike a supplemental
record filed with this Court under the authority of that rule. If we interpret rule
34.5(c) more narrowly, we run the risk of requiring this Court to make relevancy
determinations at the record-filing stage, which we are ill equipped to do.
          Despite, however, the permission that rule 34.5(c) grants parties to supplement
the appellate record with items that they deem relevant and omitted, nothing in the
rule compels the appellate court to consider those items in reaching its decision. See
Tex. R. App. P. 34.5(c). Likewise, Rule 34.5(c)(3)’s mandate, that any supplemental
clerk’s record “will” be part of the appellate record, does not compel that portions of
any supplemental clerk’s record will be relevant for our decision on the merits of a
case. See id.
          Here, as in Barker CATV Construction, none of the documents in either
supplemental clerk’s record was before the trial court when it considered the
manufacturer’s and seller’s no-evidence motions for summary judgment. See id. at
795-96. Accordingly, we conclude, as in that case, that we may not consider the
contents of either supplemental clerk’s record filed in this restricted appeal. See id.;
see also General Elec. Co., 811 S.W.2d at 944 (“The rule has long been that evidence
not before the trial court prior to final judgment may not be considered in a writ of
error proceeding.”); Munoz v. Gulf Oil Co., 693 S.W.2d 372, 373 (Tex. 1984)
(declining to consider transcription of hearing as raising fact issues precluding
summary judgment when record did not establish that trial court considered
transcription); Atchison v. Weingarten Realty Mgmt. Co., 916 S.W.2d 74, 76-77 (Tex.
App.—Houston [1st Dist.] 1996, no writ) (declining to consider document purporting
to be motion for summary judgment that was included in record on appeal solely as
attachment to motion for new trial).
 

Motions to Dismiss Appeal 
          The manufacturer and seller jointly filed a motion to dismiss the appeal.
Because we have addressed the merits of the Roventinis’ restricted appeal, we deny
as moot, the manufacturer’s and seller’s joint motion to dismiss the appeal. 
Conclusion
          We affirm the judgment of the trial court. We deny, as moot, all pending
motions and all relief requested in responses to pending motions. 
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
Justice Hedges concurring.