NO. 12-04-00114-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


BRADLEY WELLS CORPORATION
D/B/A NEEDHAM RE-ROOFING,                  §     APPEAL FROM THE 4TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

STEVE HIGGINBOTHAM,
APPELLEE                                                        §     RUSK COUNTY, TEXAS





MEMORANDUM OPINION
            Appellant Needham Re-Roofing (“Needham”) appeals the trial court’s granting of a
default judgment in favor of Appellee Steve Higginbotham (“Higginbotham”). In one issue on
restricted appeal, Needham asserts the trial court erred in rendering default judgment because
service of process was defective and the trial court lacked in personam jurisdiction. We reverse
and remand. 
 
Background
            On June 5, 2003, Higginbotham sued Needham for breach of contract, breach of warranty,
and violation of the Texas Deceptive Trade Practices Act. On June 10, 2003, the District Clerk
mailed citation and a copy of Plaintiff’s Original Petition to Needham by certified mail, return
receipt requested. The citation was directed to “Needham Re-Roofing–c/o Matt Needham, 111
Executive Way Suite 106 DeSoto Texas 75115.” Higginbotham’s original petition alleged that 
 
                            Defendant is a business enterprise doing business in the state of Texas at its office
located at 111 Executive Way, Suite 106, Desoto, Texas 75115. Defendant may
be served with process by serving its officer, Matt Needham, at 111 Executive
Way, Suite 106, Desoto, Texas 75115.
 
 
A domestic return receipt reveals that service was addressed to 
 
                            Matt Needham
Needham Re-Roofing
111 Executive Way
                            Suite 106
Desoto, Texas 75115
 
According to Higginbotham’s original petition, the above address is proper for service of citation,
and Matt Needham is a Needham officer. The person receiving the delivery signed the return
receipt as “T. Taylor” on June 14, 2003.
            On August 20, 2003, Higginbotham sought a default judgment based on Needham’s failure 
to answer and appear. The trial court held a hearing on the matter and rendered default judgment
in favor of Higginbotham on November 6, 2003. Higginbotham was awarded $34,528.80 plus
post-judgment interest and costs of court, citing Needham’s failure to answer and appear. 
            Needham asserts it did not appear at the default judgment hearing because it did not learn
of the judgment until it received a notice of default judgment from the court clerk. After receiving
the notice, Needham notified Higginbotham that Needham is merely a “d/b/a” for Bradley Wells
Corporation and that Higginbotham had improperly served an unauthorized person


 at a non-existent entity. 
            Upon learning of its error, Higginbotham filed a First Amended Petition on December 2,
2003. The amended petition added Bradley Wells Corporation as a defendant to the lawsuit and
served its counsel. On January 26, 2004, Needham filed motions to set aside default judgment and
for a new trial, asserting improper service of process. The trial court denied the motions,
concluding they were untimely and the court’s jurisdiction had expired. On March 29, 2004,
Needham filed its notice of restricted appeal in the trial court, appealing the trial court’s default
judgment.
No-Answer Default Judgment
            In its sole issue, Needham first contends that the record establishes Higginbotham failed
to serve notice in strict compliance with the law, and therefore the trial court did not have in
personam jurisdiction to grant the default judgment. We agree.
Standard of Review
            To obtain a reversal of an underlying judgment in a restricted appeal,


 a party must satisfy
four elements. These elements require (1) a notice of restricted appeal that is filed within six
months after the judgment is signed, (2) by a party to the lawsuit, (3) who did not participate in the
hearing that resulted in the judgment of which the party complains and did not file a timely post-judgment motion, and (4) error that is apparent on the face of the record. See Tex. R. App. P.
26.1(c), 30; Barker CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 791 (Tex. App.–Houston
[1st Dist.] 1999, no pet.). We review the record de novo to determine whether a lack of jurisdiction
is apparent, thereby invalidating the trial court’s judgment. See Dawson v. Briggs, 107 S.W.3d
739, 744 (Tex. App.–Fort Worth 2003, no pet.).
Applicable Law and Discussion
            The Texas Rules of Civil Procedure were developed to protect the rights of all litigants. 
Seib v. Bekker, 964 S.W.2d 25, 27 (Tex. App.–Tyler 1997, no writ). One of the two basic judicial
decisions a trial judge must make before rendering and entering a default judgment is that the court
has jurisdiction of the subject matter and the parties to the suit. See Finlay v. Jones, 435 S.W.2d
136, 138 (Tex. 1969). Thus, the trial court has a duty to ascertain that the defendant has been duly
served with citation and that he does not have an answer on file. Id. at 139; see also Tex. R. Civ.
P. 107.
            Service of process under Rule 107 is not a trivial matter. See Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994). As such, the supreme court requires that strict
compliance with the rules for service of citation affirmatively appear in the record in order for a
default judgment to withstand direct attack. See id. In direct attacks, there are no presumptions
in favor of valid issuance, service, or return of the citation. See id. A return receipt for a citation
served by certified mail must contain the addressee’s signature. See Tex. R. Civ. P. 107. If the
return receipt is not signed by the addressee, the service of process is defective and a default
judgment will not stand. Keeton v. Carrasco, 53 S.W.3d 13, 19 (Tex. App.–San Antonio 2001,
pet. denied). A trial court does not have in personam jurisdiction to enter the default judgment
if the record fails to show that the defendant has been properly served at the time the default
judgment is entered. Am. Universal Ins. Co. v. D.B.&B., Inc., 725 S.W.2d 764, 766 (Tex.
App.–Corpus Christi 1987, writ ref’d n.r.e.). 
            In the instant case, the return receipt shows that “T. Taylor” received the delivery of service 
although the service was directed to Matt Needham. This discrepancy establishes that the
defendant was not properly served in this case. Because the addressee did not sign the return
receipt, Higginbotham failed to affirmatively show strict compliance with the Texas Rules of Civil
Procedure. See Uvalde Country Club v. Martin Linen Supply Co., Inc., 690 S.W.2d 884, 885
(Tex. 1985). Without proper service, the trial court did not have in personam jurisdiction and the
default judgment against defendant is void. Consequently, we sustain Needham’s sole issue. 
            The record shows that Needham filed the notice of restricted appeal within six months after
the trial judge signed the default judgment and did not timely file a post-judgment motion. 
Additionally, Needham is a party to the lawsuit who did not participate in the hearing that resulted
in the default judgment. Finally, on the face of the record, it is apparent that the service of process
was erroneous because it was not signed by the person appointed. Thus, we conclude that
Needham meets the four elements necessary to obtain a reversal of the default judgment. See Tex.
R. App. P. 26.1(c), 30; Barker, 989 S.W.2d at 791. 
Conclusion
            Because Higginbotham failed to affirmatively show strict compliance with the service of
process rules of the Texas Rules of Civil Procedure, his attempted service of process to Needham
is invalid and of no effect. Absent a record showing strict compliance with the requirements for
service of process, the default judgment will not stand. Because service was rendered invalid when
someone other than the addressee signed the return receipt, we need not address Needham’s other
arguments for invalid service. See Tex. R. App. P. 47.1. Accordingly, the trial court’s judgment
is reversed and this cause is remanded to the trial court for further proceedings consistent with this
opinion. 
 JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
(PUBLISH)