

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00146-CV

———————————————————

ECO GENERAL CONTRACTORS LLC DBA ECO ROOFING, AND RICHARD
LACK, Appellants

V.

LISA GOODALE, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 17-5664-393

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellants Eco General Contractors LLC dba Eco Roofing (Eco Roofing) and Richard Lack bring this restricted appeal from a no-answer default judgment entered in favor of Appellee Lisa Goodale. Because we conclude that there is error on the face of the record, i.e., defects in service of process, we reverse and remand.

### II. BACKGROUND

On July 12, 2017, Goodale filed an original petition and request for disclosure against Eco Roofing, Lack, and Doy Byron Ballard,[1] for claims arising out of a roof-replacement dispute. Goodale also sought declaratory relief and requested that a $4,300 lien filed by Eco Roofing be declared invalid. Goodale's petition identified Eco Roofing and Lack as follows:

> 3. Defendant Eco General Contractors LLC dba Eco Roofing ("Eco") is a domestic limited liability company, whose principal place of business is in Dallas County, Texas, and may be served with process by serving its registered agent for service, Richard R. Lack at 501 Northwest Highway, #3101, Irving, Texas, or wherever he may be found.
>
> 4. Defendant Richard Lack ("Mr. Lack") is a natural person who is a resident of Dallas County, Texas and who is doing business in Denton County as "Eco Roofing." Mr. Lack may be served with process at his residence located at 501 Northwest Highway, #3101, Irving, Texas, or wherever he may be found.

---

[1]Ballard is not a party to this appeal.

The record contains citations addressed to Eco Roofing and Lack at the 501 Northwest Highway address listed in the petition.

Goodale filed affidavits of due diligence in which her process server, Peyton Hutchinson, testified that despite diligent efforts on July 15, 2017; July 18, 2017; July 22, 2017; July 29, 2017; and August 1, 2017, he attempted but was unable to serve process on Eco Roofing and Lack at the 501 Northwest Highway address. Thus, Goodale filed a motion for substitute service for Lack and attached Hutchinson's affidavit in support. The trial court granted the motion and permitted Lack to be served by posting a copy of the original petition and citation to Lack's front entrance. The record contains a return of service reflecting that the original petition and citation were posted on Lack's door. The record further reflects that Goodale attempted to serve Eco Roofing through the secretary of state. However, the record contains no certificate from the secretary of state to show that process was forwarded to Eco Roofing.

Goodale moved for default judgment on October 25, 2017. On October 27, 2017, the trial court entered a default judgment against Appellants and Ballard, awarding Goodale $26,919.48 in damages, along with court costs, pre- and post-judgment interest. The default judgment also declared the lien invalid and ordered the lien released. On April 27, 2018, Appellants filed their notice of restricted appeal.

### III. APPLICABLE LAW CONCERNING RESTRICTED APPEALS

A party can directly attack a default judgment via a restricted appeal if (1) it filed notice of the restricted appeal within six months after the default judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the default judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record.[2] *See* Tex. R. App. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Lab. Corp. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528–29 (Tex. App.—Dallas 2000, no pet.) (holding that court lacked jurisdiction over restricted appeal because corporation had filed its notice of restricted appeal more than six months after judgment was signed).

A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). When reviewing a default judgment in a restricted appeal, an appellate court may not presume valid issuance, service, or return of citation. *See*

---

[2]The "face of the record" in a restricted appeal consists of the papers on file with the trial court when it rendered judgment. *See Yazdchi v. Wells Fargo*, No. 01-15-00381-CV, 2016 WL 6212998, at *2 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (mem. op.).

*Nizari Progressive Fed. Credit Union v. JP Morgan Chase Bank*, No. 04-08-00536-CV, 2009 WL 282738, at *1 (Tex. App.—San Antonio Feb. 4, 2009, no pet.) (mem. op.) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). If the record fails to show strict compliance with the Texas Rules of Civil Procedure relating to issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Barker CATV Constr., Inc.*, 989 S.W.2d at 792 (citing *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). "Failure to comply with these rules [governing service of process] constitutes error on the face of the record." *Ins. Co. of State of Penn.*, 297 S.W.3d at 256.

## IV. ANALYSIS

Appellants state in their brief that they were parties to the underlying suit and that they did not participate in the default judgment proceeding. Goodale does not dispute that Appellants have fulfilled these requirements of a restricted appeal. Accordingly, our analysis focuses on whether Appellants' notice of restricted appeal was timely and whether Appellants have established error on the face of the record.

### A. The notice of restricted appeal was timely

The initial issue we must address is Goodale's contention that we lack jurisdiction over this appeal because Appellants' notice of restricted appeal was not timely because it was filed 182 days after the date that the default judgment was entered. Goodale reasons that appellate rule of procedure 26.1(c), which literally

5

reads that a notice of restricted appeal must be filed "within six months" after the judgment or order is signed, can also be read as requiring the notice be filed "within [180 days]" after the judgment or order is signed. *See* Tex. R. App. P. 26.1(c). That is, Goodale believes six months means 180 days and because the notice of restricted appeal was filed 182 days after the default judgment, the notice was not timely.

In *Ex parte K.K.*, our court has rejected this exact argument: "Because rule 26.1[(c)] provides a six-month deadline, rather than a 180-day deadline, DPS's notice of restricted appeal that was filed on May 3, 2017—six months after November 3, 2016—is timely." No. 02-17-00158-CV, 2018 WL 1324696, at *2 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.); *see also Gulf Cas. Co. v. Garner*, 48 S.W.2d 746, 747 (Tex. Civ. App.—El Paso 1932, writ ref'd) ("It is our opinion that the 'six months' provided for means 6 calendar months, and not 180 days as contended by appellant."); *cf. Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *2 (Tex. App.—Corpus Christi Feb. 18, 2016, no pet.) (mem. op.) (stating that "the trial court signed the order of expunction on October 22, 2014, and the Department filed its notice of restricted appeal on April 22, 2015, within the six-month deadline").

Here, because the default judgment was signed on October 27, 2017, the notice of appeal was due within six months—not 180 days. *See* Tex. R. App. P. 26.1(c). Thus, because Appellants filed their notice of appeal on April 27, 2018, it was timely. *See K.K.*, 2018 WL 1324696, at *2. Accordingly, Appellants have satisfied the first requirement of their restricted appeal, and we sustain their first issue.

6

**B. There is error on the face of the record**

Appellants set forth numerous reasons why they contend there is error on the face of the record, but we need only address Appellants' allegation of lack of proper service of process because it is dispositive. *See* Tex. R. App. P. 47.1; *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.).

**1. Service on Lack was ineffective because the affidavit supporting the motion for substitute service did not strictly comply with rule 106.**

The affidavit from Hutchinson attached to Goodale's rule 106 motion for substitute service does not state that the 501 Northwest Highway address at which he unsuccessfully attempted to serve process on Lack was Lack's "usual place of business or usual place of abode or other place where [Lack] can probably be found."

A party seeking to obtain substitute service of process is required by the rules of civil procedure to file a motion supported "by affidavit *stating the location of the defendant's usual place of business or usual place of abode* or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either [Tex. R. Civ. P. 106](a)(1) or (a)(2) at the location named in such affidavit but has not been successful[.]" Tex. R. Civ. P. 106(b) (emphasis added).

In *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757 (Tex. App.—Dallas 1986, no writ), the Dallas Court of Appeals decided a plaintiff's unsworn motion for substituted service was insufficient when the motion itself did state the defendant's address but it was not supported by an affidavit stating that the address in the motion

7

was the defendant's usual place of business or abode, or other place where the defendant could probably be found. *Id.* at 758–59. *Garrels* held that before the trial court may order substituted service under rule 106, "there must be evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Id.* at 759. In *James v. Commission for Lawyer Discipline*, the Dallas Court of Appeals rejected the non-answering defendant's reading of *Garrels* and explained that while *Garrels* did not require the affidavit to state *how* the affiant concluded the address was the usual place of business or abode of the defendant, "it required the affidavit, as opposed to only an unsworn motion, state the address was the defendant's usual place of business or abode." 310 S.W.3d 586, 591 (Tex. App.—Dallas 2010, no pet.).

Given our obligation to rigidly enforce the rules governing service when a default judgment is rendered, we cannot conclude Hutchinson's affidavit shows strict compliance with rule 106(b) because he did not state that the 501 Northwest Highway address where he attempted to effectuate service of process was Lack's "usual place of business or usual place of abode." *See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam); *LaRose v. REHJ, Inc.*, No. 05-17-01348-CV, 2018 WL 6521804, at *3–4 (Tex. App.—Dallas Dec. 12, 2018, no pet. h.) (mem. op.) (reversing default judgment because "the declaration in support of substituted service does not state that the address listed is [the defendant's] usual place of business or abode or a place where he is likely to be found" and thus was not in strict compliance with rule

8

106(b)). Accordingly, Hutchinson's affidavit is insufficient to support the order for substituted service and the error regarding service of process as to Lack is apparent on the face of the record.

### 2. The record does not show that the secretary of state forwarded process to Eco Roofing.

Goodale filed an affidavit of due diligence from Hutchinson, which stated that he had been unable to serve process on Eco Roofing's registered agent, Richard Lack. Thus, Goodale attempted to serve Eco Roofing through the Texas Secretary of State. The record reflects a green card showing service on the secretary of state. However, nothing in the record demonstrates that the secretary of state forwarded a copy of the process to Eco Roofing.

The business organizations code provides that every filing entity must designate and continuously maintain a registered agent in Texas and that if the registered agent cannot, with reasonable diligence, be found at the registered office, the secretary of state is an agent of a filing entity for service of process purposes. *See* Tex. Bus. Orgs. Code Ann. §§ 5.201(a)(1), 5.251(1)(B). Service of process on the secretary of state is accomplished by delivering duplicate copies of the process and any required fee. *See id.* § 5.252. After service on the secretary of state, the secretary forwards the process to the corporation by certified mail, return receipt requested. *See id.* § 5.253.

For purposes of obtaining a default judgment, however, the record must affirmatively show that the secretary of state forwarded a copy of process to the

9

defendant. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973) (explaining "a showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendants' persons" and holding a certificate from the office of the Secretary of State is sufficient to establish substitute service of process).

Here, the record contains no such showing that the secretary of state forwarded a copy of the process to Eco Roofing, so it does not support the default judgment. *See Fountain Powerboats, Inc. v. Speed Boats of Texas, LP*, No. 05-13-00657-CV, 2014 WL 1483591, at *3 (Tex. App.—Dallas Apr. 15, 2014, no pet.) (mem. op.) (reversing default judgment because "the record [did] not affirmatively demonstrate that the secretary of state forwarded a copy of the citation and petition to appellant").[3]

Accordingly, we sustain Appellants' third issue.

## V. CONCLUSION

Having concluded that Appellants satisfied the requirements of a restricted appeal and having sustained Appellants' issues that are dispositive of this appeal, we reverse the final judgment against Appellants and remand this case to the trial court

---

[3]Goodale asks *en passant* that we "allow the evidence and Court Record be open" to admit papers to show that process was forwarded from the secretary of state's office. Any such papers however are not included in the appellate record, and we cannot consider documents that were not before the trial court when it entered its default judgment. *Fountain Powerboats, Inc.*, 2014 WL 1483591, at *3; *see Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004) (holding that extrinsic evidence "cannot be considered in a restricted appeal").

for further proceedings.  No new service of process is necessary.  *See* Tex. R. Civ. P. 123.

/s/ Dabney Bassel
Dabney Bassel
Justice

Delivered:  March 14, 2019