Maurice F. **GERDES**, Appellant,

v.

**MARION STATE BANK**, Appellee.

No. 04–88–00468–CV.

Court of Appeals of Texas,
San Antonio.

June 21, 1989.

Rehearing Denied July 20, 1989.

---

Stephen D. Finch, Finch & Finch, Seguin, for appellant.

James S. Frost, Threlkeld & Saegert, Seguin, for appellee.

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

PEEPLES, Justice.

■ In this case we must decide whether a trial court can amend a default judgment record after the defaulted party has perfected a writ of error appeal. We hold that it cannot.

Defendant Maurice Gerdes was served on April 29, 1988. When he failed to answer, plaintiff Marion State Bank obtained a default judgment on June 20, 1988. After the judgment had become final and the court had lost plenary power to modify it, Gerdes brought this writ of error appeal. Gerdes' brief, filed in this court on October 14, 1988, pointed out that the citation did not carry a file mark. He asked us to reverse the judgment because the record did not show that the citation had been on file for ten days before the judgment was granted, as TEX.R.CIV.P. 107 & 239 require.[1] Upon request by the appellee bank, the trial court conducted a hearing on November 21, 1988, and found that the citation had in fact been in the possession of the district clerk since May 2, 1988, which is more than ten days before the judgment was granted. The court ordered a May 2, 1988, file mark placed on the citation, and the file-marked citation is before us in a supplemental transcript.

---

1. The pertinent parts of the two rules read as follows:

Rule 107. Return of Citation

\* \* \* \* \* \*

No default judgment shall be granted in any cause until the citation with proof of service as provided by this rule, or as ordered by the court in the event citation is executed under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

TEX.R.CIV.P. 107.

Rule 239. Judgment by Default

Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107.

TEX.R.CIV.P. 239.

Gerdes urges that the trial court lacked the authority to amend the record in this way. The bank contends that TEX.R. APP.P. 55(b) [2] empowered the court to take the action that it took. The parties agree that the citation was on file but without a file mark at the time judgment was rendered. The facts before the court at the post-judgment hearing—including an affidavit and the Sheriff's civil process log book—amply justify the court's conclusion that the citation was in the possession of the clerk on May 2, 1988.

■ When a defendant appeals a default judgment by writ of error, the record must affirmatively show personal jurisdiction. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex.1985); *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex.1973); *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). In this case the original record showed valid personal service on the defendant; the court therefore had jurisdiction of the person when it rendered the default judgment. But Rules 107 and 239 go further and state in mandatory language that the court shall not grant a default judgment unless the citation with proof of service has been on file for ten days.

It seems to be well settled that when the record in a direct attack does not show compliance with the ten-day requirement, the judgment must be reversed. *Gentry v. Gentry*, 550 S.W.2d 167 (Tex.Civ.App.—Austin 1977, no writ); *First Nat'l Bank v. Pacific Cotton Agency*, 329 S.W.2d 504 (Tex.Civ.App.—San Antonio 1959, no writ); *Citizens Nat'l Bank v. Hart*, 321 S.W.2d 319 (Tex.Civ.App.—Fort Worth 1959, writ ref'd). We have found no authorities to the contrary. Moreover, in *Martin Linen Supply* the supreme court said the record must show "strict compliance with the

rules of civil procedure relating to the issuance, service, *and return* of citation," 690 S.W.2d at 885 (emphasis added), although there the ten-day rule was not at issue, and it was argued that the correct defendant had not been served.

■ The bank argues that TEX.R. APP.P. 55 allows the court to amend the record. We disagree with the bank's construction of that rule. Rule 55 empowers the trial court and this court to "direct a supplemental record to be certified and transmitted" concerning "omitted" matters. As we read the rule, it seeks to ensure that the *existing* trial court record be correctly transmitted to this court when the original transcript has *omitted* something of importance. Rule 55 authorizes trial judges and appellate courts to correct the *appellate* record on their own initiative, or at the request of counsel; it does not allow the creation of a new trial court record. TEX.R.CIV.P. 118 permits the amendment of citation and return, but here there was no defect or omission in the citation or return. At issue is a missing file mark, a matter to which Rule 118 does not speak.

The cases have held that after an appeal has been perfected, the trial court may not change the record that existed at the time the judgment was granted. *Zaragoza v. De La Paz Morales*, 616 S.W.2d 295, 296 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.) (on reh'g); *Firman Leather Goods Corp. v. McDonald & Shaw*, 217 S.W.2d 137, 140–41 (Tex.Civ.App.—El Paso 1948, no writ); *Midwest Piping & Supply Co. v. Page*, 128 S.W.2d 459, 461–62 (Tex.Civ.App.—Beaumont 1939, writ ref'd). We realize that the ten-day rule seems very technical. Gerdes has not even hinted that any injustice resulted from its disregard. We are unable to see how the rule makes any

---

**2.** TEX.R.APP.P. 55(b) provides:

RULE 55. Amendment of the Record

\* \* \* \* \* \*

(b) **Before Submission.** If anything material to either party is omitted from the transcript or statement of facts, before submission the parties by stipulation, or the trial court, upon notice and hearing, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.

**66**

contribution to the search for truth, which should be the focal point of any rational legal system. But the ten-day requirement has been part of our jurisprudence for decades, and it is stated in mandatory terms. We are not at liberty to disregard rules 107 and 239 or the cases that have applied them rigidly.

Because we conclude the court lacked the authority to change the record when it did, the transcript does not show compliance with Rules 107 and 239. The judgment is reversed and the cause remanded.