**SOUTHERN GULF OPERATORS, INC., Appellant,**

v.

**Gerard MEEHAN, Appellee.**

**No. 09–97–033 CV.**

Court of Appeals of Texas, Beaumont.

Submitted May 7, 1998.

Decided May 14, 1998.

Chris J. McGrath, Glenn R. Legge, Legge, Farrow, Kimmitt & McGrath, LLP, Houston, for appellant.

Ronald G. Bankston, Bankston & Associates, Houston, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Gerard Meehan filed suit against Southern Gulf Operators, Inc. (Southern Gulf) seeking damages under the Jones Act and general maritime law for injuries suffered while working as an employee of Southern Gulf and a crewmember aboard the vessel M/V PAMELA ANN. Meehan requested citation on Southern Gulf by service of its registered agent for service of process in Houston, Texas. In his return of service, a Harris County Deputy Sheriff verified that he attempted service and was unable to complete it.

Meehan filed a First Amended Original Petition in which he alleged Southern Gulf failed to maintain its agent for service of process in Texas, requested citation be issued and Southern Gulf be served by service on the Secretary of State of Texas pursuant to the Texas Business Corporation Act, and that Southern Gulf could be located in Lafayette, Louisiana. Service on the Secretary of State was completed and the Travis County

Sheriff's officer's return was filed with the trial court.

Meehan filed a Motion for Default Judgment when Southern Gulf failed to answer or appear. A hearing was held and default judgment was granted. A final judgment was entered awarding Meehan $1.5 million in actual damages and $3.0 million in punitive damages plus prejudgment interest on actual damages in the amount of $537,500, for a total judgment of $5,037,500 with post judgment interest at 10% per year.

By writ of error, Southern Gulf challenges the default judgment entered in favor of Meehan. Southern Gulf first asserts the trial court erred in rendering the default judgment because the record does not show strict compliance with the rules regarding service of citation.

"A writ of error that directly attacks a judgment must: (1) be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record." *Laidlaw Waste Systems, Inc. v. Wallace,* 944 S.W.2d 72, 73 (Tex.App.—Waco 1997, writ denied) (citing *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991). Both parties agree Southern Gulf has met the first three criteria; thus, the sole remaining question is whether error is apparent on the face of the record.

Our review is limited to the record as it existed before the trial court when default judgment was entered. *See Hollister v. Palmer Ind. Sch. Dist.,* 958 S.W.2d 956, 960 (Tex.App.—Waco 1998, no writ); *Laidlaw Waste Systems, Inc.,* 944 S.W.2d at 73; *Armstrong v. Minshew,* 768 S.W.2d 883, 884 (Tex.App.—Dallas 1989, no writ). The record cannot be supplemented after the defaulting party has perfected a writ of error. *Gerdes v. Marion State Bank,* 774 S.W.2d 63, 65 (Tex.App.—San Antonio 1989, writ denied); *see also Hollister,* 958 S.W.2d at 959–60, *Laidlaw Waste Systems, Inc.,* 944 S.W.2d at 73.

The record must show that the Secretary of State forwarded a copy of the process served upon him by registered mail, addressed to the corporation at its registered office, as required by TEX. BUS. CORP. ACT ANN art. 2.11 § B (Vernon 1980). *Southwestern Remodelers of Houston, Inc. v. Lumaside, Inc.*, 501 S.W.2d 759, 760 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ) (citing *Whitney v. L & L Realty Corp.* 500 S.W.2d 94 (Tex.1973)). *See also G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 818 (Tex.App.—Houston [1st Dist.] 1996, no writ). In the present case, the record before the trial court contained no evidence the Secretary of the State of Texas forwarded service of process. While the Secretary of State's certificate of service is conclusive evidence the Secretary of State received service of process for the defendant and forwarded the service as required by the statute, *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex.1986), such a certificate was not before the trial court at the time the default judgment was entered on July 24, 1996. The certificates contained in the clerk's record were not filed with the trial court until January 10, 1997, and therefore cannot be considered by this court. *See Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex.App.—San Antonio 1992, no writ)(J. Peeples concurring).

Strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process is necessary to sustain a default judgment which is directly attacked by writ of error. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *Armstrong*, 768 S.W.2d at 884. We recognize no presumptions in favor of valid issuance, service, and return of citation in the face of a writ-of-error attack on a default judgment. *Primate Const., Inc.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836; *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex.1985); *McKanna*, 388 S.W.2d at 929; *Armstrong*, 768 S.W.2d at 884. Moreover, lack of strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Wilson*, 800 S.W.2d at 836; *Uvalde Country Club*, 690 S.W.2d at 885; *Armstrong*, 768 S.W.2d at 884.

*Laidlaw Waste Systems, Inc.*, 944 S.W.2d at 73–74.

Consequently, at the time the default judgment was entered, the record affirmatively showed a lack of strict compliance with the rules governing service of citation. Thus, the service on Southern Gulf was defective and the default judgment invalid. Southern Gulf's first point of error is sustained.

Our disposition of Southern Gulf's first point renders it unnecessary to address its second point of error.[1] The judgment of the trial court is reversed and the caused remanded.

REVERSED AND REMANDED.

1. The second point of error alleged punitive damages were not allowable as a matter of law.