IN RE LRM, A CHILD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-409-CV

IN THE INTEREST OF L.R.M., A CHILD 

------------

FROM THE 233
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, the biological father of L.R.M., a minor child, brings this restricted appeal from a default judgment modifying the amount of child support Appellant is obligated to provide for L.R.M.  We affirm.

Factual and Procedural Background

In 1995, the Office of Attorney General filed a petition to establish the paternity of L.R.M.  The trial court found that Appellant is the biological father of L.R.M., and it signed an order establishing the parent-child relationship.  As part of the order, the court required Appellant to pay L.R.M.’s mother $220 each month for child support.  

On January 29, 2001, L.R.M.’s mother filed a petition to modify the parent-child relationship, requesting that the court increase the amount of child support Appellant was obligated to pay.  Appellant filed a general denial on February 20, 2001.  On January 30, 2002, the suit was dismissed for want of prosecution. 

L.R.M.’s mother filed another petition to modify the parent-child relationship on April 8, 2002, and she again requested that the court increase Appellant’s child support obligation.  Appellant received notice of the suit, but he did not file an answer.  On October 1, 2002, the trial court signed a default judgment, increasing Appellant’s child support obligation to $600 per month. The mother gave notice of the default judgment to the trial court’s clerk under rule 239a of the Texas Rules of Civil Procedure.  
See
 
Tex. R. Civ. P. 
 239a.

On November 1, 2002, one day after it was due, Appellant filed a motion for new trial.  
See
 
Tex. R. Civ. P. 
329b(a) (stating that motion for new trial shall be filed prior to or within thirty days after the judgment or other complained of order is signed).  Appellant also filed an untimely notice of appeal on October 1, 2002.  
See
 
Tex. R. App. P.
 26.1 (setting forth appellate deadlines for civil appeals).  On November 4, 2002, Appellant then timely filed a notice of a restricted appeal pursuant to appellate rule 25.1(d)(7).  
See
 
Tex. R. App. P.
 25.1(d)(7), 26.1(c).

Issue

In this restricted appeal, Appellant contends that counsel for L.R.M.’s mother willfully, intentionally, and fraudulently obtained a default judgment against him and that he did not receive notice of the judgment until November 1, 2002, which was too late for him to challenge the judgment by motion for new trial or an ordinary appeal.
(footnote: 2)  In support of his argument, Appellant refers us to an affidavit attached to his untimely filed motion for new trial that recites a verbal agreement with opposing counsel as the basis for his failure to file an answer before default.  Appellant argues that the sworn facts in the affidavit provide a basis by which we may set aside the default judgment.  We disagree with Appellant.

Restricted Appeal

To directly attack the trial court’s judgment, a restricted appeal must (1) be brought within six months after the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record.  
See 
Tex. R. App. P. 26.1(c), 30
; Norman Communications v. Tex. Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997); 
In re E.K.N.
, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.).  The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter’s record, as they existed in the trial court at the time the default judgment was entered.  
E.K.N.
, 24 S.W.3d at 590; 
Stankiewicz v. Oca
, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.).  Because a restricted appeal directly attacks the judgment rendered, an appellate court may not consider evidence in a restricted appeal unless it was before the trial court when judgment was rendered.  
Campsey v. Campsey
, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.).

Error on the Face of the Record

Appellant clearly meets the first three requirements for a restricted appeal, but the dispositive issue here is whether he can demonstrate on the face of the record that the trial court erroneously entered a default judgment against him.  He cannot.

The affidavit Appellant attached to his untimely filed motion for new trial  was not before the trial court when the default judgment was rendered.  As recognized by the First District Court of Appeals in Houston, courts across Texas “uniformly reject attempts to alter the ‘face of the record’ limitation for writ of error proceedings (now restricted appeals) with evidence offered after the judgment, either to support or defeat a previously rendered judgment.”  
Barker CATV Constr., Inc. v. Ampro, Inc., 
989 S.W.2d 789, 794-95 (Tex. App.—Houston [1
st
 Dist.] 1999, no pet.) (op. on reh’g) (citing 
Gen. Elec. Co. v. Falcon Ridge Apartments
, 811 S.W.2d 942, 944 (Tex. 1991), 
Laidlaw Waste Sys., Inc. v. Wallace
, 944 S.W.2d 72, 73 (Tex. App.—Waco 1997, writ denied), and 
Gerdes v. Marion State Bank
, 774 S.W.2d 63, 64-65 (Tex. App.—San Antonio 1989, writ denied)).  Here, Appellant has attempted to alter the face of the record by including an affidavit with an untimely filed post-judgment motion.

Accordingly, we hold that Appellant may not rely on the affidavit in support of his restricted appeal because it does not appear on the face of the record.  
See id
.  The affidavit is the linchpin of Appellant’s argument on appeal, and he does not direct us to anything appearing on the face of the record.  Thus, we further hold that Appellant has not met his burden of showing error on the face of the record, and we overrule his sole issue.

Conclusion

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  November 6, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The mother has not filed a brief in response to Appellant’s contentions.