COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-409-CV

   
IN THE INTEREST OF L.R.M., A 
CHILD 
  
 
------------
 
FROM THE 233RD 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant, 
the biological father of L.R.M., a minor child, brings this restricted appeal 
from a default judgment modifying the amount of child support Appellant is 
obligated to provide for L.R.M. We affirm.
Factual and Procedural Background
        In 
1995, the Office of Attorney General filed a petition to establish the paternity 
of L.R.M. The trial court found that Appellant is the biological father of L.R.M., 
and it signed an order establishing the parent-child relationship. As part of 
the order, the court required Appellant to pay L.R.M.’s mother $220 each month 
for child support.
        On 
January 29, 2001, L.R.M.’s mother filed a petition to modify the parent-child 
relationship, requesting that the court increase the amount of child support 
Appellant was obligated to pay. Appellant filed a general denial on February 20, 
2001. On January 30, 2002, the suit was dismissed for want of prosecution.
        L.R.M.’s 
mother filed another petition to modify the parent-child relationship on April 
8, 2002, and she again requested that the court increase Appellant’s child 
support obligation. Appellant received notice of the suit, but he did not file 
an answer. On October 1, 2002, the trial court signed a default judgment, 
increasing Appellant’s child support obligation to $600 per month. The mother 
gave notice of the default judgment to the trial court’s clerk under rule 239a 
of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 239a.
        On 
November 1, 2002, one day after it was due, Appellant filed a motion for new 
trial. See Tex. R. Civ. P. 329b(a) 
(stating that motion for new trial shall be filed prior to or within thirty days 
after the judgment or other complained of order is signed). Appellant also filed 
an untimely notice of appeal on October 1, 2002. See Tex. R. App. P. 26.1 (setting forth 
appellate deadlines for civil appeals). On November 4, 2002, Appellant then 
timely filed a notice of a restricted appeal pursuant to appellate rule 
25.1(d)(7). See Tex. R. App. P. 
25.1(d)(7), 26.1(c).
Issue
        In 
this restricted appeal, Appellant contends that counsel for L.R.M.’s mother 
willfully, intentionally, and fraudulently obtained a default judgment against 
him and that he did not receive notice of the judgment until November 1, 2002, 
which was too late for him to challenge the judgment by motion for new trial or 
an ordinary appeal.[2]  In support of his 
argument, Appellant refers us to an affidavit attached to his untimely filed 
motion for new trial that recites a verbal agreement with opposing counsel as 
the basis for his failure to file an answer before default. Appellant argues 
that the sworn facts in the affidavit provide a basis by which we may set aside 
the default judgment. We disagree with Appellant.
Restricted Appeal
        To 
directly attack the trial court’s judgment, a restricted appeal must (1) be 
brought within six months after the trial court signs the judgment (2) by a 
party to the suit (3) who did not participate in the actual trial, and (4) the 
error complained of must be apparent from the face of the record. See Tex. R. App. P. 26.1(c), 30; Norman 
Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997); In 
re E.K.N., 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.). The 
face of the record, for purposes of a restricted appeal, consists of all the 
papers on file in the appeal, including the reporter’s record, as they existed 
in the trial court at the time the default judgment was entered. E.K.N., 
24 S.W.3d at 590; Stankiewicz v. Oca, 991 S.W.2d 308, 311 (Tex. 
App.—Fort Worth 1999, no pet.). Because a restricted appeal directly attacks 
the judgment rendered, an appellate court may not consider evidence in a 
restricted appeal unless it was before the trial court when judgment was 
rendered. Campsey v. Campsey, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 
2003, no pet.).
Error on the Face of the Record
        Appellant 
clearly meets the first three requirements for a restricted appeal, but the 
dispositive issue here is whether he can demonstrate on the face of the record 
that the trial court erroneously entered a default judgment against him. He 
cannot.
        The 
affidavit Appellant attached to his untimely filed motion for new trial was not 
before the trial court when the default judgment was rendered. As recognized by 
the First District Court of Appeals in Houston, courts across Texas “uniformly 
reject attempts to alter the ‘face of the record’ limitation for writ of 
error proceedings (now restricted appeals) with evidence offered after the 
judgment, either to support or defeat a previously rendered judgment.” Barker 
CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 794-95 (Tex. 
App.—Houston [1st Dist.] 1999, no pet.) (op. on reh’g) (citing Gen. 
Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 944 (Tex. 1991), Laidlaw 
Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 73 (Tex. App.—Waco 1997, writ 
denied), and Gerdes v. Marion State Bank, 774 S.W.2d 63, 64-65 (Tex. 
App.—San Antonio 1989, writ denied)). Here, Appellant has attempted to alter 
the face of the record by including an affidavit with an untimely filed 
post-judgment motion.
        Accordingly, 
we hold that Appellant may not rely on the affidavit in support of his 
restricted appeal because it does not appear on the face of the record. See 
id. The affidavit is the linchpin of Appellant’s argument on appeal, and 
he does not direct us to anything appearing on the face of the record. Thus, we 
further hold that Appellant has not met his burden of showing error on the face 
of the record, and we overrule his sole issue.
Conclusion
        Having 
overruled Appellant’s sole issue, we affirm the trial court’s judgment.

 
                                                          PER 
CURIAM
  
 
PANEL F:   GARDNER, 
DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: November 
6, 2003

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
The mother has not filed a brief in response to Appellant’s contentions.