

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00240-CV

_____

IN THE INTEREST OF J.R., A CHILD

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2017-525,444, Honorable Les Hatch, Presiding

September 26, 2018

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

A.D. appeals from a final order terminating her parental relationship with J.R.[1] She contends that the Department of Family Protective Services (Department) "failed to provide sufficient evidence *at the de novo hearing* to prove that [A.D.] knowingly undertook any actions to endanger [J.R.'s] well-being, failed to comply with court orders, or engaged in criminal conduct that rendered her unable to care for [J.R.] for two years or more." (Emphasis added). Nor did it prove that termination was in the child's best interest. We affirm.

---

[1] Not only did the trial court find that termination was in J.R.'s best interests but also that A.D. acted or failed to act in ways encompassed by § 161.001(b)(1)(D), (E), (O), and (Q) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). The record disclosed that A.D. used drugs through her pregnancy, suffered from depression, and was imprisoned when termination was ordered.

The actual dispute underlying this appeal involves the scope of the appellate record susceptible to consideration by us. That is, A.D. questions the legal and factual sufficiency of the evidence underlying the trial court's decision to terminate but asks us to restrict our review to the evidence admitted at the de novo hearing.

The pertinent scope of review is quite settled and not in dispute. We have often repeated it in such opinions as *In re A.M.,* No. 07-18-00141-CV, 2018 Tex. App. LEXIS 6310, at *22–24 (Tex. App.—Amarillo Aug. 9, 2018, no pet.) (mem. op.), and *In re N.F.*, No. 07-18-00104-CV, 2018 Tex. App. LEXIS 6004, at *8–9 (Tex. App.—Amarillo Aug. 1, 2018, no pet.) (mem. op.). That standard obligates us to review the evidence before the trial court. In arguing that such evidence was insufficient here, A.D. focuses only on the information presented to the district court during the de novo hearing and ignores the evidence admitted during the trial previously conducted by the associate judge. The latter, in her view, may not be considered since the Department did not formally offer nor did the trial court formally admit into evidence the reporter's record or transcript of the trial conducted by the associate judge. And, therein lies the actual controversy. Given that 1) the associate judge's ruling is subject to de novo review by a district court, *see* Tex. Fam. Code Ann. § 201.015(a) (West Supp. 2017) (stating that a "party may request a de novo hearing before the referring court"), and 2) the reviewing court may consider the record developed by the associate judge, *id.* § 201.015(c), does the evidentiary record developed before the associate judge have to be formally admitted into evidence at the de novo hearing before the reviewing court may rely on it? A.D. says "yes" while the Department says "no." It is an interesting question but not one that we can decide here.

The failure to preserve error not only prevents the parties from raising the matter on appeal but also prevents the appellate court from treating it as a basis for reversing the trial court's judgment. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 520 (Tex. 2018). To preserve error, one must present to the trial court a timely request, objection, or motion that states the specific ground for the desired ruling. *In re A.G.*, No. 07-17-00298-CV, 2018 Tex. App. LEXIS 243, at *4 (Tex. App.—Amarillo Jan. 9, 2018 pet. denied) (mem. op.). This obligation to preserve error stands as an insurmountable obstacle to our consideration of A.D.'s complaint.

A de novo hearing of the associate judge's ruling was timely requested. Such a hearing having been requested, the parties were entitled to present witnesses on the issues specified in the request for hearing. *See* TEX. FAM. CODE ANN. § 201.015(c). So too was the reviewing court allowed to "consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury." *Id.*

When the district court convened the de novo proceeding, counsel for the Department represented that "all parties and the Court have had the transcript" of the trial conducted by the associate judge on January 26, 2018. Counsel then "move[d] that the Court consider the transcript and testimony in it's [sic] entirety as is allowable under the family code." Not only did the trial court grant the motion but also informed the parties that it had requested "the transcript from the hearing before Judge Hart on January 26th, 2018" and "reviewed that testimony and the exhibits entered in that case," it then limited the presentation of further evidence "from that day [i.e., January 26, 2018] to today." Counsel for A.D. was present when the foregoing exchanges occurred and uttered no objection to either the Department's motion or the district court's decision.

Once the parties had tendered their additional evidence, the district court informed them of his intent to reveal his decision by letter at a later date.  Then, the de novo hearing was adjourned.  It issued that letter on May 28, 2018, and therein disclosed its decision to terminate A.D.'s parental rights to J.R.  The opening paragraph of the missive began with the passage: "Following the *de novo* hearing in the above-referenced case, ***and consideration of the full transcript (with exhibits) of the final hearing before the Associate Judge*** . . . ."  (Emphasis added).  From the italicized language, one clearly sees that the district court told the parties the evidence presented to the associate judge played a role in the outcome of the de novo hearing.  And, again, no one objected to the court's consideration of that evidence before the final judgment was entered.  Nor did anyone object thereafter via a timely motion for new trial or the like.

Complaint did not come until after the district court ordered its court reporter to include the transcript of the January 26th associate judge trial as part of the appellate record.  The directive appeared in a letter dated August 6, 2018, wherein the court noted that it had "inadvertently not admitted [the transcript] in evidence."  At that point, A.D. moved the trial court to reconsider its directive to the court reporter.  She argued that the transcript was not part of the appellate record because it had not been formally admitted into evidence at the de novo hearing.  The district court denied the request.

A like motion was filed with us by A.D.  Though it was denied, we nonetheless informed appellant that we later would decide whether the transcript was susceptible to consideration when addressing her sufficiency issues.  And, that time has arrived.

Evidence that is not formally admitted at trial but nonetheless treated by the trial court and parties as if it were "is, for all practical purposes, admitted."  *Requeno v. State*,

4

No. 10-11-00046-CR, 2011 Tex. App. LEXIS 5609, at *3 (Tex. App.—Waco July 20, 2011, no pet.) (mem. op., not designated for publication).  This is so because no one objected.  *See id.* at *2–3 (noting the absence of an objection to object to the trial court's consideration of a pre-sentence report that no one admitted into evidence); *accord Miller v. State*, No. 12-08-00351-CR, 2009 Tex. App. LEXIS 6229, at *5–6 (Tex. App.—Tyler Aug. 12, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that complaint about the trial court considering an offense report that had not been admitted into evidence was waived because appellant failed to object when the trial court indicated that it was considering the report).  Here, no one objected to the trial court's consideration of the evidence contained within the January 26th transcript.  Indeed, the Department expressly asked the district court to consider it and the court acceded to the request while everyone else remained silent.  Simply put, we have before us a situation akin to that described in *Requeno.*  It may be that the transcript was not formally admitted into evidence, but everyone treated it as being part of the evidentiary record before the trial court.  Consequently, it was, "for all practical purposes, admitted[,]" given the absence of an objection.  *See Requeno*, 2011 Tex. App. LEXIS 5609, at *2–3; *see also In re C.O.*, No. 04-17-00175-CV, 2018 Tex. App. LEXIS 2551, at *7–8 (Tex. App.—San Antonio Apr. 11, 2018, no pet.) (noting that, in the de novo hearing, appellant failed to object when the trial court stated it would be reviewing the reporter's record from the underlying hearing and concluding that the appellant could not complain of the trial court's reliance on that record for first time on appeal); *In re N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.) (observing that the appellant never objected to the trial court's stated intent in the de novo hearing to review the transcript of the hearing held before the associate

judge and holding that the appellant could not complain of the trial court's decision for first time on appeal).

We are aware of the authorities A.D. cites and which hold documents that are not admitted into evidence are not part of the appellate record. *See, e.g., Lozano v. State,* No. 03-14-00107-CR, 2014 Tex. App. LEXIS 7849, at *4–8 (Tex. App.—Austin July 22, 2014, order) (per curiam) (not designated for publication) (refusing appellant's request to supplement the appellate record with a pre-sentence report); *In re E.W.*, No. 05-01-01463-CV, 2002 Tex. App. LEXIS 4112, at *6 (Tex. App.—Dallas June 7, 2002, pet. denied) (holding that documents which were not admitted into evidence may not be included in the appellate record); *Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65 (Tex. App.—San Antonio June 21, 1989, writ denied) (stating that, after an appeal has been perfected, the trial court may not change the record that existed at the time the judgment was granted). Yet, none of those cases involved the issue of preservation under Rule 33.1 of the Texas Rules of Appellate Procedure and whether the appellant waived his complaint to the trial court considering non-admitted evidence. Nor did they involve, as here, an express request to consider particular information, the trial court's decision to do so, silence from all others involved once the decision was made, and an eventual complaint by one of the parties that stood silent. Thus, none can be read as contradicting *Requeno* or *Miller* or as otherwise holding that A.D. need not have preserved her complaint.

Indeed, the situation at bar brings to mind that old adage about something being a duck if it looks, walks, and quacks like one. The Department may not have used the words "judicial notice" in requesting the district court to consider the January 26th

6

transcript. Nor did the trial court invoke those terms in granting the Department's motion to consider the document. But, that is what occurred here for all practical purposes. Statute expressly allowed the trial court to consider that transcript. The trial court was expressly asked to consider the transcript.[2] And, the trial court told everyone that it would and did expressly consider the transcript. So, for all intents and purposes, it took judicial notice of the transcript without complaint by anyone.

Yes, the better course of action may be for the referring court to expressly admit into evidence the transcript of the trial conducted by the associate judge. Yet, A.D. did not complain when the district court informed her of what evidence it was going to (and actually did) consider in deciding whether to end her parental relationship with J.R. Thus, she cannot complain now about considering the very same evidence to determine whether the trial court erred in terminating that relationship. Again, evidence that is not formally admitted at trial but nonetheless treated by the trial court and parties as if it were "is, for all practical purposes, admitted." So, we consider it in assessing whether the district court's decision enjoy the support of legally and factually sufficient evidence.

Again, A.D. did not address the evidence within the January 26th transcript in urging her sufficiency complaint. Nevertheless, we undertook effort to do so and have concluded that it, coupled with the evidence admitted at the de novo hearing, satisfies the applicable standard of review. In other words, the evidence is both legally and factually sufficient to support the findings that at least one statutory ground warranted termination,

---

[2] A court may take judicial notice of its own records and may, likewise, take judicial notice of the records of another court when it is provided with copies of those records. *Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2004, pet. denied) (citing TEX. R. EVID. 201).

7

(e.g., endangerment under § 161.001(b)(1)(D) and (E)), and that termination was in the best interest of the child. Thus, her sole issue is overruled.

We affirm the final order of termination issued by the district court.[3]


Brian Quinn
Chief Justice

---

[3] In parental termination cases, we are directed to render judgment "with the least possible delay." TEX. FAM. CODE ANN. § 263.405(a) (West 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *3 (Tex. App.—Amarillo Nov. 9, 2015, no pet.) (per curiam) (mem. op.) (observing that such appeals "are accelerated for the purpose of providing a child with permanence and stability at the earliest possible stage of the proceeding" and citing TEX. R. JUD. ADMIN. 6.2(a)). With that purpose in mind and "to expedite a decision" in this case, we suspend the operation of TEX. R. APP. P. 39.8, dispense with its twenty-one-day notice prior to submission, and submit the cause forthwith. *See* TEX. R. APP. P. 2; *accord In re Z.A.S.*, No. 07-09-00136-CV, 2009 Tex. App. LEXIS 6520, at *5–6 (Tex. App.—Amarillo Aug. 20, 2009, no pet.) (mem. op.).