

# NUMBER 13-22-00113-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

MANUEL MARTINEZ III,                                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                                                  Appellee.

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

## ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

This appeal is before the Court on the State's motion to abate this appeal. According to the motion, the State discovered that the presentence investigation report (PSI) was not included in the appellate record, and the State requires that document in order to complete its brief in this matter. The State requests that we "abate the appeal for the purpose of allowing the trial court to unseal the PSI for purposes of including said PSI in the appellate record."

We abate this appeal and remand the cause to the trial court. The trial court shall cause a hearing to be held to determine: (1) if the PSI was part of the trial court's record; (2) whether it should be submitted as part of the clerk's record or reporter's record in this appeal; and (3) if any part of the reporter's record is missing, lost, destroyed, or otherwise inaccessible. *See* TEX. R. APP. P. 34.5(c), (d); *id.* R. 34.6(d), (e), (f). We note that this abatement should be used for the purpose of correcting and completing the appellate record in this case and should not be construed as to allow for the creation of a new trial court record. *See, e.g.*, *Williams v. State*, 937 S.W.2d 479, 487 (Tex. Crim. App. 1996); *see also In re J.R.*, No. 07-18-00240-CV, 2018 WL 7488914, at *2 (Tex. App.—Amarillo Sept. 26, 2018, no pet.) (mem. op.) (collecting cases); *Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65–66 (Tex. App.—San Antonio 1989, writ denied).

The trial court shall determine what steps are necessary to ensure the prompt preparation of any supplemental records and shall enter any orders required to avoid further delay and to preserve the parties' rights. The trial court shall cause its findings, together with any orders it may enter, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of October, 2022.